128 P.3d 128 (2006)
Christine McCONNELL, on behalf of herself and all others similarly situated, Respondent,
v.
MOTHERS WORK, INC., a Delaware Corporation, Appellant.
No. 23139-9-III.
Court of Appeals of Washington, Division 3.
February 7, 2006.
*129 Leigh Ann Collings Tift, Littler Mendelson, Seattle, WA, for Appellant.
Robert Allan Dunn, Kevin W. Roberts, Dunn & Black PS, Spokane, WA, for Respondent.
SWEENEY, A.C.J.
¶ 1 Employees of Mothers Work, Inc. prevailed in an action for back pay under Washington's Minimum Wage Act, chapter 49.46 RCW. Mothers Work assigns error to the trial court's award of attorney fees and costs. Mothers Work argues first that the employees should not have recovered any attorney fees because the jury awarded them less than the amount of Mothers Work's settlement offer. But we conclude that prejudgment interest is added to the amount of the jury verdict in determining the amount of recovery. This brings the total recovery above the offer. Next, Mothers Work asserts that recoverable litigation costs in a Minimum Wage Act claim are limited by RCW 4.84.010.[1] We agree with the trial court that the controlling statute is the Minimum Wage Act, and its only qualification is that costs be "allowed by the court." RCW 49.46.090. Finally, Mothers Work contends that the court did not make a sufficient record to support its findings or explain its discretionary decision on the amount of fees. We agree and remand for entry of findings of the facts necessary to support the fee award.

FACTS
¶ 2 Christine McConnell sued Mothers Work, Inc. in April 2001 for violations of the Washington Minimum Wage Act. She ultimately certified the suit as a class action in which she represented similarly situated sales associates and store managers. The sales associates were hourly employees; the store managers were salaried. McConnell alleged that Mothers Work withheld rest periods, meal breaks, and overtime pay and thereby violated the Minimum Wage Act. She sought statutorily authorized double compensation for willful violations of the act, plus attorney fees and costs.
¶ 3 Mothers Work fought the class certification. And it tried to remove the case to federal court twice, first on diversity and then based on the amount in controversy. Mothers Work moved to divide the class into subclasses of associates and managers. Ultimately, the court did split the class to accommodate Mothers Work's affirmative defense that the managers were exempt employees *130 and not entitled to overtime pay. A jury eventually found that the managers were not exempt from the protections of the Minimum Wage Act.
¶ 4 Before trial, Mothers Work made an offer pursuant to CR 68[2] to settle the sales associates' claims for meal breaks and rest periods for $50,000 plus "reasonable attorney fees as determined by the Court and costs now accrued." Clerk's Papers (CP) at 181. The associates accepted the offer.
¶ 5 The store managers rejected Mothers Work's similar pretrial offer of $125,000, plus fees and costs. After two weeks of trial, the jury awarded the store managers $105,000 and Christine McConnell $1,000 in unpaid overtime pay. The court awarded prejudgment interest of $33,053.68. Mothers Work objected to the managers' requests for attorney fees on a number of grounds, including that the judgment was less than its CR 68 offer of $125,000.
¶ 6 The court awarded attorney fees of $309,475.90 and $97,109.65 in costs. The court explained: "Basically I have reviewed the plaintiffs' request for attorney's fees. And frankly, I'm going to award those. I feel that they're reasonable, were necessary and appropriate. So, I am granting that." Report of Proceedings (RP) (May 21, 2004) at 179.

DISCUSSION
¶ 7 Mothers Work assigns error to the award of litigation costs and attorney fees.
¶ 8 A trial court may award fees and costs to the prevailing party when authorized to do so by contract, statute, or a recognized ground in equity. Labriola v. Pollard Group, Inc., 152 Wash.2d 828, 839, 100 P.3d 791 (2004). We review the legal basis for any award de novo. Schlener v. Allstate Ins. Co., 121 Wash.App. 384, 388, 88 P.3d 993 (2004). And whether a statute authorizes an award of attorney fees and costs is a question of law subject to de novo review. Tradewell Group, Inc. v. Mavis, 71 Wash.App. 120, 126-27, 857 P.2d 1053 (1993).
¶ 9 Here, the Minimum Wage Act provides for reasonable attorney fees and costs "in an amount to be determined by the court." RCW 49.48.030. Employees can recover fees, however, only if the amount of recovery is at least equal to the amount admitted by the employer. RCW 49.48.030.

RECOVERABLE LITIGATION COSTS
¶ 10 Mothers Work contends that the award of costs is limited to those authorized by RCW 4.84.010.[3]Hume v. Am. Disposal Co., 124 Wash.2d 656, 880 P.2d 988 (1994). So here, it argues, the court erroneously awarded McConnell costs for expert witnesses; depositions and transcripts not used at trial; travel expenses; mediation fees; ordinary office expenses such as postage, phone, fax, copying, and so forth; and parkingnone of which are authorized by that statute. Mothers Work argues that only $13,211.16 of the $92,766.90 cost bill should have been allowed.
¶ 11 McConnell responds that the holding in Hume does not limit recoverable costs to those specified in RCW 4.84.010 if a specific statute allows expanded costs. And here the Minimum Wage Act authorizes expanded costs "as may be allowed by the court." RCW 49.46.090 (emphasis added). And, McConnell argues, the Minimum Wage Act is a remedial statute that must be liberally construed.
¶ 12 We review the trial court's interpretation of statutory costs provisions de novo. See, e.g., Brown v. City of Seattle, 117 Wash. App. 781, 795-96, 72 P.3d 764 (2003).
¶ 13 A specific statute will apply over a more general one. In re Estate of Black, 153 Wash.2d 152, 164, 102 P.3d 796 (2004). The specific statute applicable statute here is *131 chapter 49.46 RCW, the Minimum Wage Act. And this is remedial legislation, so we construe it liberally to achieve the legislature's broad public policy objectives. Bates v. City of Richland, 112 Wash.App. 919, 939, 51 P.3d 816 (2002).
¶ 14 The overtime wage requirement is at RCW 49.46.130.[4] The enforcement provisions, including those providing for litigation costs and fees, are set out at RCW 49.46.090:[5] Employers who underpay employees are liable for costs and such reasonable attorney fees "as may be allowed by the court." RCW 49.46.090(1) (emphasis added). This suggests to us a legislative intent to depart from the costs restrictions of RCW 4.84.010. Am. Civil Liberties Union of Wash. v. Blaine Sch. Dist. No. 503, 95 Wash. App. 106, 115, 975 P.2d 536 (1999).
¶ 15 Decisions interpreting corresponding federal statutes are helpful. Xieng v. Peoples Nat'l Bank of Wash., 120 Wash.2d 512, 527, 844 P.2d 389 (1993). The parallel federal law is the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 216(b). As in the Washington statute, the amount of costs in FLSA litigation is a matter of trial court discretion. Bankston v. Illinois, 60 F.3d 1249, 1255 (7th Cir.1995). The remedial, and thus more broadly interpreted, cost-shifting aspect of the FLSA would include reasonable out-of-pocket expenses beyond those normally allowedfor example, travel expenses and telephone bills. Smith v. Diffee Ford-Lincoln-Mercury, Inc., 298 F.3d 955, 969 (10th Cir.2002).
¶ 16 Our reading of RCW 49.46.040 is consistent with the purpose of Washington's Minimum Wage Act. And, just as importantly, it gives meaning to all the language of the statute. See Blaine, 95 Wash.App. at 117, 975 P.2d 536. Chapter 49.46 RCW was enacted to provide "an effective mechanism for recovery even where wage amounts wrongfully withheld may be small." Schilling v. Radio Holdings, Inc., 136 Wash.2d 152, 159, 961 P.2d 371 (1998). It encourages private enforcement in the public interest.
¶ 17 Mothers Work relies on Hume for the proposition that RCW 4.84.010 applies. But the holding in Hume is based on the narrow common law tort of retaliatory discharge, not the Washington Minimum Wage Act. Hume, 124 Wash.2d at 675, 880 P.2d 988. No specific statute, then, allowed the expanded costs awarded in Hume. And so the court appropriately limited costs to the narrow range of expenses specified in RCW 4.84.010. Id. at 674, 880 P.2d 988. The trial court here correctly interpreted RCW 49.46.090(1) as allowing expanded costs.

EFFECT OF CR 68 OFFER
¶ 18 Mothers Work next argues that the managers are entitled to no attorney fees or costs because they recovered less than the amount of Mothers Work's CR 68 offer. McConnell responds that prejudgment interest is part of the "recovery." And the class then recovered more than the offer if interest is included.
¶ 19 The purpose of CR 68 is to encourage settlements. Wallace v. Kuehner, 111 Wash. App. 809, 823, 46 P.3d 823 (2002). If the plaintiff accepts a settlement offer made according to the rule, the defendant pays the plaintiff's attorney fees and costs to the date of the offer. If the plaintiff rejects the offer, it must win a judgment in excess of the amount of the offer in order to recover any costs or fees. CR 68.
¶ 20 In such cases, allowing a plaintiff to add prejudgment interest to the judgment amount so as to exceed the settlement offer and qualify for attorney fees may seem contrary to the purpose of the rule. See City of SeaTac v. Cassan, 93 Wash.App. 357, 361-62, 967 P.2d 1274 (1998). But our Supreme Court, addressing an analogous situation in a condemnation case, has held that it is the "judgment awarded as a result of the trial," not the jury award, that we compare to the settlement offer for the purpose of determining fee eligibility. State v. Costich, 152 Wash.2d 463, 476, 98 P.3d 795 (2004). The *132 Costich court was applying the express words of RCW 8.25.070(1)(b). The precise language of CR 68 is "the judgment finally obtained by the offeree." We conclude that this language is similar enough that the holding of Costich applies.
¶ 21 Here, Mothers Work offered to suffer judgment for $125,000 "plus an award of reasonable attorney fees as determined by the Court and costs now accrued in regard to the sub-class" on the managers' claims. CP at 307. The final judgment includes prejudgment interest as well as the verdict amount. The judgment amount, including prejudgment interest, was $139,053.68 (verdict $106,000; prejudgment interest of $33,053.68). Under Costich, the judgment was higher than the offer. As to the sales associates, Mothers Work agreed in the CR 68 offer to pay "reasonable attorney fees as determined by the Court and costs now accrued." CP at 181.

AMOUNT OF FEE AWARD
¶ 22 Mothers Work asks us to eliminate some elements of the fee award as a matter of law and impose a cap of $50,000 on the fees for representing the sales associates. Mothers Work makes a number of specific objections to the fee award but essentially complains that the trial court made no record and failed to consider appropriate factors when it awarded these fees. We agree that the trial court abused its discretion by failing to articulate on the record appropriate findings of fact for its discretionary decision to award fees and costs of $406,585.55.
¶ 23 To arrive at a reasonable fee, the trial court should employ the lodestar method of multiplying a reasonable hourly rate by the number of hours reasonably expended. Bowers v. Transamerica Title Ins. Co., 100 Wash.2d 581, 593-602, 675 P.2d 193 (1983). The court also factors in variables such as the difficulty of the issues and the skill involved, the prevailing rate for similar work, the dollar amount at issue, the contingent nature of the case, and the degree of success achieved. Scott Fetzer Co. v. Weeks, 114 Wash.2d 109, 124, 786 P.2d 265 (1990).
¶ 24 The court must make a record of this process, sufficient for review. Mahler v. Szucs, 135 Wash.2d 398, 435, 957 P.2d 632, 966 P.2d 305 (1998). Here is what the judge said on this record about fees: "Basically I have reviewed the plaintiffs' request for attorney's fees. And frankly, I'm going to award those. I feel that they're reasonable, were necessary and appropriate. So, I am granting that." RP (May 21, 2004) at 179. We simply do not know what the court looked at, or, more importantly, why it did what it did. And that is an abuse of discretion. We remand for entry of the court's findings and conclusions sufficient to permit review.

PREJUDGMENT INTEREST
¶ 25 Mothers Work also argues that McConnell did not specifically plead RCW 49.46.090. But the complaint sought relief under chapter 49.46 RCW and chapter 49.52 RCW, and the showing at trial was clearly for violations of the Washington Minimum Wage Act. The sole available remedy for such violations is found in RCW 49.46.090. The complaint provided ample notice of the remedy.
¶ 26 Finally, Mothers Work argues that the court erred in awarding prejudgment interest. Prejudgment interest may be awarded if the judgment is "`for an amount due upon a specific contract for the payment of money'" and if the amount due is "`determinable by computation with reference to a fixed standard contained in the contract, without reliance on opinion or discretion.'" Kiewit-Grice v. State, 77 Wash. App. 867, 872-73, 895 P.2d 6 (1995) (quoting CKP, Inc. v. GRS Constr. Co., 63 Wash.App. 601, 614, 821 P.2d 63 (1991)).
¶ 27 Mothers Work contends the damages here cannot be computed without recourse to opinion or discretion. Specifically, the jury's computation of unpaid overtime hours was inexact and required the exercise of discretion since experts for both sides testified that an exact computation of overtime hours worked by the managers was impossible. Mothers Work notes that each expert gave opinion testimony as to a likely range, and the jury arrived at its own number.
*133 ¶ 28 The dispositive question, then, is whether the damages were liquidated. This is a question of law, and our review is de novo. See, e.g., Kiewit-Grice, 77 Wash. App. at 872-73, 895 P.2d 6.
¶ 29 Damages are liquidated if the evidence furnishes data that, if believed, made it possible to compute the amount owed with exactness. Dautel v. Heritage Home Ctr., Inc., 89 Wash.App. 148, 153, 948 P.2d 397 (1997). That is, that the defendant at the time of the transaction was able to ascertain the amount owed. CKP, 63 Wash.App. at 614, 821 P.2d 63; Hansen v. Rothaus, 107 Wash.2d 468, 473, 730 P.2d 662 (1986). A claim is unliquidated if the facts proved did not permit an exact sum to be fixed. A claim is unliquidated, for instance, if the amount must be arrived at by a determination of reasonableness. Kiewit-Grice, 77 Wash. App. at 872, 895 P.2d 6.
¶ 30 Here, the jury had to evaluate disputed evidence as to the number of unpaid hours worked. But the necessary data to make this factual determination was set out in the evidence. The claim was, therefore, liquidated. The dispute was, moreover, about money owed under employment agreements, i.e., contracts for the payment of money with the amounts due determinable by computation with reference to the fixed standard of the number of hours and hourly rate fixed in the contract. No element of opinion or discretion was required to enable Mothers Work to figure out what it owed the employees as wages.
¶ 31 We affirm the award of attorney fees, but remand for necessary findings and conclusions to support whatever award the trial court made.
WE CONCUR: BROWN, J., and BAKER, Judge Pro Tem.
NOTES
[1] Lists the minimum costs available to the prevailing party in addition to those otherwise authorized by law.
[2] CR 68 permits a defendant to make a pretrial settlement offer. If the plaintiff accepts, the settlement will include attorney fees and costs. Otherwise, the plaintiff must better its position at trial or else pay its own fees.
[3] RCW 4.84.010 provides for filing fees, service of process fees, necessary notary fees, reasonable expenses (exclusive of attorney fees) for obtaining documents admitted at trial, statutory attorney and witness fees, and the cost of those parts of depositions admitted at trial and necessary to the successful result.
[4] No employer shall employ an employee for more than 40 hours a week, unless the employee receives overtime pay at not less than time and a half. RCW 49.46.130(1).
[5] An employer who does not comply is liable for the full amount of unpaid wages plus "costs and such reasonable attorney's fees as may be allowed by the court." RCW 49.46.090(1).