**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| GULL INDUSTRIES, INC., | No. 86319-3-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| GRANITE STATE INSURANCE COMPANY, | |
| Appellant. | |

FELDMAN, J. — Granite State Insurance Company appeals a partial final judgment requiring it to pay legal defense costs, including attorney fees, incurred by its insured, Gull Industries, and prejudgment interest on the attorney fees. We affirm in part, reverse in part, vacate the partial final judgment, and remand for further proceedings consistent with this opinion.

Our prior opinion in this matter recounts the essential facts and prior procedural history, which need not be repeated in this unpublished opinion. *See Gull Indus., Inc., v. Granite State Ins. Co.,* 18 Wn. App. 2d 842, 848-49, 493 P.3d 1183 (2021), *rev. denied,* 199 Wn.2d 1007 (2022). In that opinion, we held the rule of vertical exhaustion, not horizontal exhaustion, governs Gull's entitlement to excess coverage. *Id.* at 868. Because it was possible for Gull to establish its primary insurance policies were exhausted as to a particular site in a particular policy period (vertical exhaustion), we remanded the case to the trial court to

decide that issue. Critical here, we specifically described what Gull was required to establish on remand to show that excess coverage was triggered:

> On remand, if Gull can establish that it has allocated, dedicated, encumbered, and reserved $500,000 of the $6,400,000 paid by TIG to the Station [272] claim, it can put Granite State in the same position—with regard to Station [272]—that it would be in had the Station [272] lawsuit been the only factor in this case. By ensuring that Granite State is in that position, the attachment point is met and Granite State's duties are clear.
>
> At that point, the only remaining question is does the Station [272] plaintiff's complaint conceivably allege damages in excess of $600,000? If so, Granite State's policy obligations are triggered.

*Id.* at 879-80.[1] Following Gull's unsuccessful motion for reconsideration and petition for review, the court issued its mandate in April 2022.

Soon after the mandate issued, Gull sent a May 13, 2022 letter to Granite State (the May 13 demand letter) demanding reimbursement of the defense costs incurred in the Station 272 litigation and statutory interest. In support of its demand, Gull stated it "has reserved the TIG Auto settlement for payment of settlements and judgments from ongoing and future litigation at Gull sites." This statement, according to Gull, was sufficient to satisfy this court's requirement that it "establish that it has allocated, dedicated, encumbered, and reserved $500,000 of the $6,400,000 paid by TIG to the Station [272] claim." *Id.* at 879. At oral argument, counsel for Granite State agreed that Gull allocated the required amount

---

[1] Although this appeal concerns Station 272 and our previous opinion centered on the Station 269 claim, we explained in that opinion, "What we have just discussed also holds true for the lawsuit arising out of activity at Station 272." *Id.* at 880. We therefore replace "269" with "[272]" when quoting our prior opinion since the analysis regarding both stations is identical. Also, while Gull claims our prior opinion created a novel theory and should be reconsidered, we decline to do so because Gull has not established "the prior decision is clearly erroneous, and the erroneous decision would work a manifest injustice to one party," as required to avoid application of the law of the case doctrine. *See Roberson v. Perez*, 156 Wn.2d 33, 42, 123 P.3d 844 (2005).

to Station 272 by stating it had done so.[2]  Nor is there any dispute that the underlying complaint alleges damages in excess of $600,000, as required to satisfy the second prong of this court's two-part test.  *Id.* at 879-80 (quoted above). Thus, the trial court below correctly concluded "[t]he two tests put forward by the Court of Appeals have been satisfied."

Next, we must determine the *effect* of satisfying the court's two-part test— specifically, whether Gull can properly recover attorney fees incurred *before* it exhausted primary coverage.  Contrary to the trial court's partial final judgment, which awards attorney fees incurred *prior to* Granite State's receipt of the May 13 demand letter by which Gull purportedly "reserved the TIG Auto settlement for payment of settlements and judgments from ongoing and future litigation at Gull sites," Washington law is clear that Gull is entitled only to defense costs incurred *after* the date of exhaustion.  *See Quellos Grp., LLC v. Fed. Ins. Co.,* 177 Wn. App. 620, 634, 312 P.3d 734 (2013) ("The critical and distinctive feature of an excess insurance policy is that it provides coverage 'only after the primary coverage is exhausted.'" (quoting *Diaz v. Nat'l Car Rental Sys., Inc.*, 143 Wn.2d 57, 62, 17 P.3d 603 (2001)); *Rees v. Viking Ins. Co.*, 77 Wn. App. 716, 719, 892 P.2d 1128 (1995) ("An excess carrier's obligation to pay and defend begins when, and only when, the limits of the primary insurance policy are exhausted.").  We therefore affirm the trial court's excess coverage determination but vacate its partial final judgment and remand for entry of judgment consistent with the temporal limitation stated in this opinion.

---

[2] Wash. Ct. of Appeals oral argument, *Gull Indus. v. Granite State Ins. Co.*, No. 86319-3-I (Sept. 18, 2025), at 18 min., 13 sec. through 18 min., 55 sec. (on file with court).

Having concluded Gull is entitled to attorney fees incurred after exhaustion, we turn to Granite State's argument that the trial court erred in awarding prejudgment interest on its award of attorney fees since that issue may recur on remand. *See In re Marriage of Rockwell*, 157 Wn. App. 449, 454, 238 P.3d 1184 (2010) (addressing whether prejudgment interest may properly be awarded "[b]ecause this issue is likely to recur on remand"). Relevant here, prejudgment interest is available "when an amount claimed is 'liquidated.'" *Rekhter v. Dep't of Soc. & Health Servs.*, 180 Wn.2d 102, 124, 323 P.3d 1036 (2014) (quoting *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 32, 442 P.3d 621 (1968)). A claim is liquidated "where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion." *Prier*, 74 Wn.2d at 32.

Our opinion in *Polygon Nw. Co. v. Am. Nat. Fire Ins. Co.*, 143 Wn. App. 753, 189 P.3d 777 (2008), is controlling on the central question of whether the amount claimed by Gull is liquidated. In *Polygon*, two excess insurers, Assurance Company of America and Ohio Casualty Insurance Company, asserted claims against Great American Insurance Company, another excess insurer, for equitable contribution to a settlement they funded as well as prejudgment interest. *Id.* at 763. The trial court concluded that the underlying settlement amount was a liquidated sum and awarded prejudgment interest. *Id.* at 766. On appeal, we held the damages on Great American's contribution obligations were liquidated even if the court was required to equitably apportion the settlement obligation. *Id.* at 791. We

- 4 -

reasoned that such apportionment did not involve the type of discretion that renders damages unliquidated. *Id.* at 792.

Here, as in *Polygon*, Gull's claim is for a liquidated sum because it can be determined with exactness, and without reliance on opinion or discretion, based on the number of hours attorneys spent defending Gull multiplied by hourly rates. While the parties dispute whether Granite State preserved its objection as to the reasonableness of the attorney fees, the "fact that a claim is disputed does not render the claim unliquidated, so long as it may be determined by reference to an objective source." *See Egerer v. CSR West, LLC*, 116 Wn. App. 645, 653, 67 P.3d 1128 (2003). The objective source here is Gull's spreadsheet indicating the amounts invoiced for attorney fees, which have since been paid. The trial court correctly decided this issue.

Granite State's contrary argument is unpersuasive. Relying heavily on *Jaco Environmental, Inc. v. American International Specialty Lines Insurance Co.*, 2009 WL 1591340 (W.D. Wash. May 19, 2009), Granite State argues that attorney fees are never considered liquidated damages because they are always subject to a determination of reasonableness. Granite State's reliance on *Jaco* is misplaced. First, *Jaco* is a federal decision, which is "not binding on this court." *Kumar v. Gate Gourmet Inc.*, 180 Wn.2d 481, 491, 325 P.3d 193 (2014). Second, *Jaco* neither mentions *Polygon* nor addresses the case law discussed therein. It instead relies on inapposite cases. *See Weyerhaeuser Co. v. Com. Union Ins. Co.*, 142 Wn.2d 654, 687-88, 15 P.3d 115 (2000) (denying prejudgment interest on *Olympic Steamship* fees, not underlying defenses costs); *Safeco Ins. Co. v. Woodley*, 150

Wn.2d 765, 773, 82 P.3d 660 (2004) (denying prejudgment interest because the amount of legal expenses had not yet been determined). The trial court below correctly decided this issue consistent with *Polygon* and the cases cited therein.[3]

Lastly, Gull argues it is entitled to attorney fees on appeal. Under *Olympic S.S. Co., Inc., v. Centennial Ins. Co.*, 117 Wn.2d 37, 54, 811 P.2d 673 (1991), an "insured who is compelled to assume the burden of legal action to obtain the benefit of its insurance contract is entitled to attorney fees." This includes fees on appeal. *See Bordeaux, Inc. v. Am. Safety Ins. Co.*, 145 Wn. App. 687, 698, 186 P.3d 1188 (2008) (awarding "fees and costs on appeal under *Olympic Steamship*"). Because we remand to the trial court a significant coverage issue regarding the extent to which Gull prevailed in this litigation, we express no opinion as to Gull's entitlement to attorney fees on appeal under *Olympic Steamship* and remand that issue for determination and entry of findings by the trial court.

Affirmed in part, reversed in part, and remanded.[4]

Feldman, J.

WE CONCUR:

Coburn, J.         Smith, J.

---

[3] Citing *McConnell v. Mothers Work, Inc.*, 131 Wn. App. 525, 536, 128 P.3d 128 (2006), Granite State claims the standard of review regarding prejudgment interest is de novo. We rejected this argument, and reviewed a similar ruling for abuse of discretion, in *Polygon*, 143 Wn. App. at 790 n.13. In any event, nothing herein turns on the applicable standard of review.

[4] We also deny Granite State's motion to supplement the record under RAP 9.11(a). Even if Granite State could satisfy the six criteria to supplement the record under RAP 9.11(a), which it has not, the additional evidence would not alter our analysis.