[No. 41948-0-I.   Division One.   April 12, 1999.]

AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON, *Appellant*, v. BLAINE SCHOOL DISTRICT NO. 503, *Respondent*.

---

[5]Because we affirm on this ground, we need not address whether East Wind has paid any hidden franchise fees.

*Daniel A. Raas* of *Raas, Johnsen & Stuen, P.S.*; and *Laura J. Buckland* and *Scott A.W. Johnson* of *Stokes Lawrence, P.S.*, for appellant.

*John T. Slater*; and *William R. Hickman* of *Reed Mc-Clure*, for respondent.

COLEMAN, J. — After a previously successful appeal in which this court held that the Blaine School District's refusal to mail several documents to the American Civil Liberties Union's (ACLU) Seattle office was not based on a reasonable interpretation of the public records act,[1] the ACLU now appeals the trial court's penalty and fee determinations made on remand. Despite this court's earlier finding that the District's interpretation of the act was not reasonable, the trial court found that the District acted in good faith and imposed a minimum penalty. For reasons set forth in this opinion, a minimum penalty is not appropriate under the circumstances of this case.

The court also substantially reduced the ACLU's attorney fees and limited cost recovery to statutory costs. The trial court made an independent determination of the reasonableness of the claimed hours and hourly fee in awarding attorney fees at trial, and we affirm this award. The trial court, however, failed to follow the same procedure in its award of attorney fees on appeal and remand, and we therefore reverse that award. The court also erred as a

---

[1]Previous opinions have referred to the statutes at issue, RCW 42.17.250-.348, as either the public records act, the public disclosure act, or the public record section of the public disclosure act. *See, e.g., Lindberg v. Kitsap County*, 133 Wn.2d 729, 747, 948 P.2d 805 (1997); *Progressive Animal Welfare Soc'y v. University of Wash.*, 125 Wn.2d 243, 250, 884 P.2d 592 (1994).

matter of law in limiting the award of costs to those items permitted by RCW 4.84.010, because Washington's public records act provides for recovery of "all costs."

## FACTS

In December 1995, the Seattle office of the American Civil Liberties Union sent a written request for public records to the Blaine School District office. The ACLU requested copies of the District's disciplinary policy and the suspension notices for several Blaine High School students who were suspended shortly after participating in a protest walkout. Even though the ACLU was willing to pay for the costs of copying and mailing the records, the District refused to mail the records. Instead, the District offered to make the records available for review and copying at its office in Blaine during regular business hours. In a second request, the ACLU explained that it was unable to travel to Blaine to inspect and copy the records itself and again asked the District to copy and mail the requested documents. The District continued to refuse to mail what eventually amounted to 13 pages of documents. As its sole justification for refusing to mail the documents, the District relied on its belief that Washington's public records act did not require an agency to mail responses to document requests.

The ACLU sued the District under the public records act, seeking an order finding that the act requires a government agency to mail information when requested. Because there were no factual disputes, the District and the ACLU filed cross motions for judgment on the pleadings. The trial court ruled that the public records act did not require the District to mail the requested records.

This court reversed, finding that the act's legislative intent required agencies to give inquirers full assistance in accessing public records. *ACLU v. Blaine Sch. Dist. No. 503*, 86 Wn. App. 688, 696, 937 P.2d 1176 (1997). This court held that the act's purpose of facilitating access to public records, in combination with the mandate to liberally

interpret the act, required the District under the particular facts of this case to mail the requested records to the ACLU. RCW 42.17.290; *ACLU*, 86 Wn. App. at 698.

The case was remanded to the sound discretion of the trial court for a determination of the appropriate statutory penalty, attorney fees, and costs under RCW 42.17.340(4). *ACLU*, 86 Wn. App. at 698-99. On remand, after briefing and oral argument by the parties, the trial court awarded the minimum statutory penalty of $5 per day for 577 days; total attorney fees for trial, appeal, and remand of $11,000; statutory attorney fee of $125; and costs limited to the statutory costs of $171. Except for the award of statutory attorney fees, the ACLU appeals each of the court's awards.

## DISCUSSION

### Standard of Review

Judicial review of agency actions challenged under the public records act is de novo. RCW 42.17.340(3); *Progressive Animal Welfare Soc'y v. University of Wash.*, 125 Wn.2d 243, 252, 884 P.2d 592 (1994) (hereinafter *PAWS*). The import and effect of the act upon state agencies is summarized nicely by the *PAWS* court.

> The Public Records Act "is a strongly worded mandate for broad disclosure of public records". *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978). The Act's disclosure provisions must be liberally construed, and its exemptions narrowly construed. RCW 42.17.010(11); RCW 42.17.251; RCW 42.17.920. Courts are to take into account the Act's policy "that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others". RCW 42.17.340(3). The agency bears the burden of proving that refusing to disclose "is in accordance with a statute that exempts or prohibits disclosure in whole or in part of specific information or records". RCW 42.17.340(1). Agencies have a duty to provide "the fullest assistance to inquirers and the most timely possible action on requests for information". RCW 42.17.290.

*PAWS*, 125 Wn.2d at 251-52.

Penalty

■ ■ The ACLU argues that under the particular facts in this case, the court's award of the statutory minimum penalty of $5 per day was an abuse of discretion. An abuse of discretion occurs when a court's decision is manifestly unreasonable or is based on untenable grounds or untenable reasons. *Doe I v. Washington State Patrol*, 80 Wn. App. 296, 302, 908 P.2d 914 (1996). The public records act mandates that the court award a penalty no less than $5 and no more than $100 per day for each day the requester was denied the right to inspect or copy the public record. RCW 42.17.340(4). While the act states that the court has discretion in fixing the level of the penalty, prior appellate decisions have established guidelines to assist courts in fixing an appropriate penalty and have stated that " ' "strict enforcement" of fees and fines will discourage improper denial of access to public records.' " *PAWS*, 125 Wn.2d at 272 (quoting *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 140, 580 P.2d 246 (1978).

■ ■ The public policy behind the act is clearly based on the public's right to the full disclosure of public documents. RCW 42.17.251. Agencies are sometimes placed in a difficult position concerning the disclosure of documents that may violate a third party's right to privacy, rights under another law, or rights under the attorney-client privilege or work product doctrine. Yet, even when agencies are faced with the conflicting interests of complying with the act and protecting third party rights, the act requires that courts impose penalties for the wrongful withholding of documents. *See, e.g., Lindberg v. Kitsap County*, 133 Wn.2d 729, 747, 948 P.2d 805 (1997) (affirming the trial court's minimal penalty award because the agency had a good faith belief that the requested records were protected by copyright law). Although penalties will be assessed independently of whether the agency acted in bad faith, a principal factor in setting a penalty is the presence or absence of the agency's good faith. *Amren v. City of Kalama*, 131 Wn.2d 25, 37-38, 929 P.2d 389 (1997).

The ACLU claims that the court's imposition of a minimum penalty on the basis that the District exhibited good faith in refusing to mail the requested documents conflicts with this court's ruling that "[t]he District's refusal to mail the documents in response to the specific request to do so and its insistence that the requester travel to Blaine to inspect the records are not based on a reasonable interpretation of the act." *See ACLU*, 86 Wn. App. at 695. Despite this holding, the trial court found that the District acted in good faith when it refused to mail the documents to the ACLU. The trial court then, at least partially, based its penalty award on its finding of good faith.

On appeal, the District argues that this court's previous statement that the District's interpretation of the act was not reasonable is dicta and does not make sense when read in combination with this court's finding that the language of the act requiring agencies to honor requests received by mail was ambiguous. *See ACLU*, 86 Wn. App. at 694. A statute is ambiguous when it is susceptible to more than one reasonable interpretation. *Limstrom v. Ladenburg*, 136 Wn.2d 595, 606, 963 P.2d 869 (1998). Thus, the District argues that since this court found that the statute was ambiguous regarding whether agencies were required to mail requested documents, its interpretation that it was not required to mail the documents was not unreasonable. The District is mistaken. This court's prior opinion is not internally inconsistent. Rather, it stands for the proposition that while the statute requiring agencies to honor requests received by mail may be ambiguous on its face, the District's interpretation of the act was not reasonable when viewed in light of the particular facts in this case and when the statute is read in the context of the act as a whole.

On remand, the ACLU presented the trial court with a copy of the District Superintendent's letter to a parent explaining why the ACLU's document request was denied. This letter provides further support that the District refused to mail the requested documents to the ACLU for improper reasons. Even though the District had just sent the ACLU a total of 13 pages in compliance with the court's

order, the Superintendent's letter stated that the ACLU's request did not consist of "a few sheets of paper, but thousands of them," and that significant employee time was required for finding the requested documents. The Superintendent also stated that the District was reluctant to have school employees copy voluminous records at taxpayer expense.

The Superintendent's letter is startling evidence of the District's improper motives for refusing to copy and mail the requested documents to the ACLU. First, the Superintendent's letter was sent after the documents were mailed to the ACLU. Thus, the Superintendent clearly should have known that the ACLU's request asked the District for only 13 pages, not "thousands of pages." Second, not wanting to expend employee time copying the records is not a valid reason for denying the ACLU's request because the act requires state agencies to make the documents available and prohibits them from charging for locating public documents and making them available for copying. But in May 1995, seven months prior to the ACLU's request, our Legislature amended the statute to expressly permit agencies to charge the requester for the actual cost incurred in providing photocopies to the requester, including costs and labor of copying and *mailing* the records to the requester. LAWS OF 1995, ch. 341, § 1; RCW 42.17.260(7)(b); RCW 42.17.300.

> In determining the actual per page cost for providing photocopies of public records, an agency may include all costs directly incident to copying such public records including the actual cost of the paper and the per page cost for use of agency copying equipment. In determining other actual costs for providing photocopies of pubic records, an agency may include all costs directly incident to shipping such public record, including the cost of postage or delivery charges and the cost of any container or envelope used.
>
> . . . . Staff time to copy and mail the requested public records may be included in an agency's costs.

RCW 42.17.260(7)(a), (b).

Third, the Superintendent also stated that the District was reluctant to spend taxpayer money to assist the ACLU in preparing their case against the District. This clearly is contrary to the act's policy that "free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others." RCW 42.17.340(3).

The District attempts to dismiss the import of the Superintendent's letter by arguing that it is not relevant and that the District did not treat the ACLU differently from any other requester. Yet, the letter is relevant because at the very least, it represents the Superintendent's reasoning for denying the ACLU's request. Furthermore, the problem with the failure to disclose the requested documents to the ACLU is not the District's disparate treatment of the ACLU, but its refusal to respond to legitimate requests for information.

Taken together, the Superintendent's letter and this court's previous finding that the District's interpretation was unreasonable do not support a finding that the District acted in good faith. Because the court's award of the minimum penalty was at least partially predicated on its erroneous finding that the District acted in good faith, the $5 per day penalty must be vacated. While the usual procedure is to remand to the trial court for a determination of an appropriate penalty, all the relevant information that is necessary to impose an appropriate penalty is in the record on review. In an attempt to bring this dispute to closure, we will determine the penalty.

In determining an appropriate penalty, we look to previous awards for guidance and to the trial court's oral statements discussing the appropriate penalty. Unlike other cases where minimum penalties have been imposed when an agency's failure to disclose documents was based on the agency's concern for third party rights, the District's refusal to disclose the requested records was not motivated by a desire to protect a third party's rights. The trial court

itself originally stated that it was going to order a penalty of $10 dollars per day but reconsidered its position and asked for affidavits from the parties as to whether the District or its insurer would be responsible for the penalty portion of the award.

Because it is clear that the District did not act in good faith, a penalty more than the minimum is appropriate. The trial court's initial penalty determination was in accord with prior case law, and had the court imposed that award, we would have affirmed. We note that the parties do not contest the appropriateness of the court's finding that 577 days elapsed before the ACLU obtained the requested documents and we therefore award the ACLU a penalty of $10 per day for 577 days.

Costs

■ The trial court limited the ACLU to statutory costs available under RCW 4.84.010.[2] The wording of the cost provision in the public records act states that "[a]ny person who prevails against an agency . . . shall be awarded all costs, including reasonable attorney fees." RCW 42.17.340(4). We find that the act's use of the phrase "all costs" provides for a more liberal recovery of costs than statutory cost recovery under RCW 4.84.010 for two reasons. First, the wording of the public records act differs from other statutes where recovery has been limited to statutory costs. Second, permitting a liberal recovery of costs is consistent with the policy behind the act by making it financially feasible for private citizens to enforce the public's right to access public records.

The District states that Washington courts have held that statutes permitting recovery of costs and attorney fees limit costs recoverable to the statutory costs listed in RCW 4.84.020. In support of this statement, the District cites

---

[2]In addition to costs otherwise authorized by law, RCW 4.84.010 provides that the prevailing party is entitled to recover filing fees, service of process or service by publication fees, notary fees, reasonable expenses for reports and records admitted at trial, statutory attorney and witness fees, and reasonable expenses for the transcription of depositions used at trial.

three cases. However, the language used in the cited cases is easily distinguishable from the provision for "all costs" as used in the public records act.

The Consumer Protection Act provides for the recovery of "costs of the suit" and our Supreme Court held that this did not permit the plaintiff to recover costs beyond those statutorily defined in RCW 4.84.010. *Nordstrom, Inc. v. Tampourlos,* 107 Wn.2d 735, 743, 733 P.2d 208 (1987). Similarly, our Supreme Court limited cost recovery under a retaliatory discharge cause of action to statutory costs and expressly stated that plaintiffs were not entitled to expanded cost recovery, "absent a statute that expressly allows expanded cost recovery." *Hume v. American Disposal Co.,* 124 Wn.2d 656, 674, 880 P.2d 988 (1994). Conspicuously absent from the *Hume* court's discussion is a specific reference to a statutory provision that provided for an expanded cost recovery. Finally, the District cites to this court's limitation of the word "costs" under the Mandatory Arbitration Rules to those costs allowed by RCW 4.84.010. *See Colarusso v. Petersen,* 61 Wn. App. 767, 771-72, 812 P.2d 862 (1991). None of these three examples contain language that permits an inference that the Legislature intended to provide for more liberal cost recovery than permitted by RCW 4.84.010.

Our courts have, however, found that the prevailing party is entitled to more than statutory costs as provided for in RCW 4.84.010, in civil rights actions, and under the model toxic control act. The civil rights statute, RCW 49.60.030(2), provides recovery of the "cost of suit" including "any other appropriate remedy authorized by . . . the United States Civil Rights Act of 1964 as amended[.]" *Blair v. Washington State Univ.,* 108 Wn.2d 558, 573, 740 P.2d 1379 (1987). Our Supreme Court has also interpreted the model toxic control act, which in addition to stating that the prevailing party in a private action shall recover its "reasonable attorneys' fees and costs" also provides that "[r]ecovery shall be based on such equitable factors as the court determines are appropriate." RCW 70.105D.080; *Louisiana-Pacific Corp. v. Asarco, Inc.,* 131 Wn.2d 587, 591 n.13, 934 P.2d 685 (1997).

The public records act does not contain a definition of what it means by "all costs," but the plain meaning of the word "all" logically leads to the conclusion that the drafters of the act intended that the prevailing party could recover all of the reasonable expenses it incurred in gaining access to the requested records. In addition, there is some support to believe that the Supreme Court would also find that the public records act permits for more liberal cost recovery than that allowed by RCW 4.84.010. *See Lindberg v. Kitsap County*, 133 Wn.2d at 749 (Durham, C.J. concurring in part) (emphasizing that the prevailing party in a public records act case is "entitled to all costs they have incurred in pursing this action").

Furthermore, a liberal allowance for cost recovery will further the policy of the public's right to access public records and is consistent with Washington's trend of gradually liberalizing the availability of cost recovery in private actions that enforce publicly important rights. *See Blair*, 108 at 572-73 (permitting a liberal recovery of costs in civil rights litigation to further the policies underlying the civil rights statutes).

We find that the plain language of the statute permitting the prevailing party to recover "all costs," as well as the policy behind the act and current case law, are all consistent with permitting the prevailing party to recover all reasonable costs incurred in litigating the dispute.

Attorney fees

■■ The public records act requires that reasonable attorney fees be awarded to any person who prevails against an agency in any court action seeking the right to inspect or copy any public record. RCW 42.16.340(4). The ACLU contends the trial court abused its discretion by finding the ACLU's requested fees of $25,672.23 were patently unreasonable and by awarding only $11,000. An award of attorney fees is reviewed for an abuse of discretion. *Allard v. First Interstate Bank*, 112 Wn.2d 145, 148, 768 P.2d 998, 773 P.2d 420 (1989). Trial courts must make an independent determination of a reasonable fee. *Scott Fetzer Co. v.*

*Weeks*, 122 Wn.2d 141, 151, 859 P.2d 1210 (1993). The determination of a reasonable fee begins with the calculation of a lodestar figure. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597, 675 P.2d 193 (1983).

> The trial court must determine the number of hours reasonably expended in the litigation. To this end, the attorneys must provide reasonable documentation of the work performed. This documentation need not be exhaustive or in minute detail, but must inform the court, in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work (i.e., senior partner, associate, etc.). The court must limit the lodestar to hours reasonably expended, and should therefore discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time.

*Bowers*, 100 Wn.2d at 597. A trial court may reduce the requested fee if it finds that the hours billed are excessive or unnecessary. *Boeing Co. v. Sierracin Corp.*, 108 Wn.2d 38, 65, 738 P.2d 665 (1987).

Here, the trial court addressed the award for attorney fees at trial separately from the fees incurred on appeal and remand. The court addressed the attorney fees for trial in a manner that permits our review and sets forth a tenable basis for its discretionary decision. The trial court stated:

> In this particular case, the court is of the opinion that Daniel A. Raas was more than capable of representing the ACLU-W at the Trial Court level without any assistance from Mr. Johnson and that it is Mr. Raas' level of expertise and experience which justified his hourly rate of $150.00 per hour. If Mr. Raas in fact required assistance from Mr. Johnson or Ms. Buckland, then the court believes Mr. Raas' hourly rate should be adjusted downward accordingly. The court is also of the opinion and so finds that 36.5 hours is a liberal amount of time for briefing and otherwise preparing this matter at the Trial Court level. Consequently, the court is awarding the ACLU-W the sum of $5,500.00 in total for attorneys' fees at the trial court level.

■ Unfortunately, the trial court did not follow this

same procedure in fixing the amount of attorney fees to be awarded for the appeal and remand. Rather, the court stated that it was of the opinion that the ACLU's fees were patently unreasonable, especially when compared to the defendant's total legal fees of less than $5,000, that the trial briefing was very thorough, that the issues on appeal were limited to the facts and issues presented at trial, and that the fees on appeal and remand should not exceed the total amount of attorney fees awarded for trial. The trial court then reluctantly awarded the ACLU an additional $5,500 dollars for fees incurred on appeal and remand without conducting a separate lodestar analysis. In fact, the court stated, "The School District has conceded that $11,000 is a reasonable fee. While I think even that is somewhat high, I'm going to award $11,000 in attorney's fees." While the trial court stated its opinion that the ACLU's claimed fees were excessive, it is not proper to arbitrarily limit the fees on appeal to the same amount as awarded for trial. *See Edmonds v. John L. Scott Real Estate, Inc.*, 87 Wn. App. 834, 942 P.2d 1072 (1997), *review denied*, 134 Wn.2d 1027 (1998) (A trial court's awarding of double the fees incurred at arbitration for trial, without conducting an independent lodestar determination, was unsupportable.).

Although the trial court's order contains some general information about how the court determined the fee award for the appeal and remand, these statements are not sufficient to permit a meaningful review. The court did not make an independent determination of the reasonableness of the hours claimed or the fee charged, nor did it identify which work was duplicative or unnecessary. The court did not consider the relative importance of the case for both sides or the correspondingly different levels of importance that the parties would place on the trial and appeal. Finally, the court did not state why it was discounting the plaintiff's experts who testified that the ACLU's fee was reasonable. Instead, the court found the District's experts persuasive despite the ACLU's objections that the experts had conflicts of interest. At a minimum, the court should have acknowl-

edged the potential conflicts and stated on the record its reasons for finding the potentially biased experts credible.

On appeal, the District supports the trial court's reduction of attorney fees by providing examples of what they claim are unwarranted charges, including bills for multiple attorneys to attend meetings and conference calls and extensive time spent on routine tasks and reviewing work. While this is the kind of information that the court should consider when making its fee determination, our task is to review the trial court's decision, and the trial court did not similarly support its fee reduction.

The trial court's statement that the issues on appeal and remand were identical to those addressed at summary judgment is also erroneous. The issues concerning the award of fees, costs, and penalties that were addressed on remand were fundamentally different from the substantive issues addressed at trial or on appeal. In addition, the nature of preparation for an appeal often requires additional and more extensive research than preparing for trial.

For all the reasons stated above, but primarily because there is no way for this court to review the trial court's fee award without an independent determination of the reasonableness of the claimed fees, we reverse the trial court's award of attorney fees for the initial appeal and remand. Consistent with our desire to efficiently end this dispute and because this court is familiar with awarding attorney fees on appeal, we will determine the attorney fee award in this case. *See* RAP 18.1.

The ACLU asks for and is awarded reasonable attorney fees and costs as the substantially prevailing party in this appeal. RAP 18.1; RCW 42.17.340(4). The determination of fees for this appeal will be determined at the same time as this court addresses all cost issues and the attorney fees for the previous appeal and remand.

In sum, we reverse the trial court's penalty award and impose a penalty of $10 per day for 577 days. We affirm the trial court's award of $5,500 for attorney fees for trial, but reverse the fee award for appeal and remand. Washington's

public records act permits the recovery of all reasonable costs, and we therefore reverse the trial court's cost award. Because this court is in as good a position as the trial court, we will determine the appropriate award of attorney fees and costs. The parties are directed to comply with the provisions of RAP 18.1.

KENNEDY, C.J., and BAKER, J., concur.