[No. 61126-7-I. Division One. February 9, 2009.]

MICHAEL JOHNSON, *Appellant*, v. HORIZON FISHERIES, LLC, ET AL., *Respondents*.

*George Luhrs*, for appellant.

*David Bratz* (of *LeGros Buchanan & Paul*), for respondents.

¶1 AGID, J. — Michael Johnson sued Horizon Fisheries in March 2005 and later dismissed that action. He then filed a second identical action against Horizon, and Horizon moved under CR 41(d) for the costs it incurred defending against the first action. The trial court awarded Horizon $2,762.57 and entered a stay preventing Johnson from prosecuting his second action until he paid Horizon. When Johnson did not pay the cost award and did not comply with the case schedule, the trial court dismissed the second action with prejudice. Johnson appeals from the order awarding costs and the order dismissing his second action. Because the cost order was proper under CR 41(d) and the trial court did not abuse its discretion by dismissing the case, we affirm.

## FACTS

¶2 In the first lawsuit, Michael Johnson sued Horizon Fisheries under the Jones Act, 46 U.S.C. § 30104, alleging that he was injured on February 14, 2004, while working on defendant's ship. Horizon responded to Johnson's claim by deposing Johnson[1] and compelling him to attend a CR 35 medical evaluation. Horizon also deposed one of Johnson's treating physicians and got his medical, Social Security, Employment Security, and United States Coast Guard records. On July 18, 2006, the parties stipulated to a 90 day continuance so that Johnson could attend a drug rehabilitation program. Johnson's counsel withdrew on September 8, 2006. The trial court denied Johnson's motion for a continuance on September 22, 2006, but it granted his CR 41(a) motion to voluntarily dismiss without prejudice, not-

---

[1] The trial court had to order Johnson to attend the deposition in response to Horizon's motion.

ing that "taxable costs of this action should be imposed on plaintiff" if he refiles the same action.

¶3 Johnson filed the same complaint on October 17, 2006. Horizon moved for costs under CR 41(d), claiming (1) $750.00 for the CR 35 medical evaluation, (2) $792.60 for Johnson's medical records, (3) $50.00 for Johnson's Social Security records, (4) $221.56 for Employment Security and United States Coast Guard records, (5) $18.04 for the pro rata cost of deposing Johnson's treating physician, (6) $16.00 for the pro rata portion of Johnson's treating physician's witness fee, (7) $31.87 for the pro rata cost of deposing Johnson, (8) $48.00 in messenger fees to file and serve motions to compel, (9) $435.50 for the cost of discovery related document production (photocopy and postage fees), (10) $200.00 for jury demand fees, and (11) $200.00 in statutory attorney fees. On March 14, 2007, the trial court ordered Johnson to pay all of Horizon's requested costs for a total of $2,762.00 and entered a stay preventing him from proceeding further until he paid Horizon.

¶4 Johnson sought discretionary review of the cost award, which we denied.[2] Johnson asked the trial court to lift the stay if he made payments of $300 per month toward the cost award.[3] He told the court he could make those payments, and the trial court granted his motion. Johnson apparently did not make any payments.

¶5 While the stay was in effect, Horizon continued to press its defense, serving Johnson with a request for statement of damages on March 27, 2007. Johnson did not reply.[4] He also did not disclose his primary witnesses by November 5, 2007, as required by the trial court's October 17, 2006 order setting civil case schedule.

¶6 Horizon moved to dismiss Johnson's second action on December 13, 2007. Johnson opposed the motion, declared

---

[2] Johnson did not contest that he owed at least $400 of the cost award.

[3] In the alternative, Johnson asked the court to make the stay binding on both parties.

[4] RCW 4.28.360 requires a reply within 15 days.

that he was unable to make the monthly payments, and requested oral argument. Johnson also moved to clarify the trial court's March 14, 2007 stay and to strike the case schedule. The trial court found that (1) Johnson failed to comply with the case schedule and failed to pay costs as required by the July 17, 2007 order, (2) his noncompliance with the case schedule and revised cost payment order was willful and he had no reasonable excuse or justification, (3) Johnson prejudiced Horizon's ability to go to trial by not disclosing his primary witnesses, (4) lesser sanctions than dismissal would be insufficient, and (5) Johnson "failed to respond at all times." Based on its findings, the court granted Horizon's motion and ordered the action dismissed with prejudice on December 21, 2007. The trial court denied Johnson's motion to strike the case schedule on January 4, 2008, because the case had been dismissed.

## DECISION

### I. CR 41(d) Cost Recovery

¶7 Under the "American rule" followed in Washington, litigation costs are recoverable only when authorized by statute, rule, or case law.[5] Johnson argues that CR 41(d) does not authorize cost recovery in excess of the costs allowed by RCW 4.84.010. Horizon counters that the text of CR 41(d) authorizes the trial court to award costs "as it may deem proper." We review the trial court's interpretation of cost provisions and the application of court rules to particular facts de novo.[6] CR 41(d), titled "Costs of Previously Dismissed Action," provides that

> [i]f a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of taxable costs of the action previously dismissed

---

[5] See *Wagner v. Foote*, 128 Wn.2d 408, 416, 908 P.2d 884 (1996).

[6] See *Butler v. Kato*, 137 Wn. App. 515, 521, 154 P.3d 259 (2007); *McConnell v. Mothers Work, Inc.*, 131 Wn. App. 525, 532, 128 P.3d 128 (2006).

as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

¶8 Johnson's claim fails for several reasons. First, the text of CR 41(d) does not reference RCW 4.84.010. But in the cost recovery provision of CR 54(d), the drafters explicitly linked awardable costs to RCW 4.84.010. CR 54(d)(1), which governs prevailing party cost recovery, provides that "[c]osts and disbursements shall be fixed and allowed as provided in RCW 4.84." Under the rules of statutory construction,[7] the drafters' decision to omit any reference to RCW 4.84.010 in CR 41(d) establishes their intent not to limit the cost recovery authorized by CR 41(d) to costs authorized by the statute.

¶9 Second, RCW 4.84.010 does not apply where a specific rule or statute expressly authorizes expanded cost recovery.[8] In *American Civil Liberties Union of Washington v. Blaine School District No. 503*, we held the trial court erred by limiting costs to those allowed by RCW 4.84.010 when the specific cost recovery rule applicable to that case allowed the award of "all costs."[9] Similarly, the court in *McConnell v. Mothers Work, Inc.*, rejected the argument that RCW 4.84.010 limits assessable costs when the applicable cost recovery provision authorized costs " 'as may be allowed by the court.' "[10] Here, CR 41(d), like the cost recovery rules in *Blaine* and *McConnell*, confers discretion on the trial court to award costs "as it may deem proper." Thus, CR 41(d) authorizes trial courts to award costs incurred from the previously dismissed action without limiting them to those authorized by RCW 4.84.010.

¶10 Johnson counters that the discretionary clause of CR 41(d) allows the trial court to stop short of awarding all

---

[7] *See, e.g.*, *Save Columbia Credit Union Comm. v. Columbia Cmty. Credit Union*, 134 Wn. App. 175, 191, 139 P.3d 386 (2006).

[8] *Am. Civil Liberties Union of Wash. v. Blaine Sch. Dist. No. 503*, 95 Wn. App. 106, 115-16, 975 P.2d 536 (1999).

[9] 95 Wn. App. 106, 115, 975 P.2d 536 (1999).

[10] 131 Wn. App. 525, 532, 128 P.3d 128 (2006) (emphasis omitted) (quoting RCW 49.46.090(1)).

costs that would otherwise be taxable under RCW 4.84.010 but does not give it the discretion to award all the "costs of the action previously dismissed."[11] But this argument conflicts with both the plain language of CR 41(d) and with *McConnell*, in which the court upheld a cost award that exceeded RCW 4.84.010 costs when the relevant cost recovery provision allowed the trial court to exercise discretion.

¶11 Third, *Polygon Northwest Co. v. American National Fire Insurance Co.* does not hold that RCW 4.84.010 governs all cost awards in Washington.[12] In *Polygon*, this court stated that " 'costs taxed,' "[13] as used in an insurance contract, has a specific legal meaning in Washington and that " 'taxable costs' are not to be defined outside the scope of those which are provided in RCW 4.84.010."[14] But the cited language from *Polygon* does not go where Johnson would like it to go. Instead of holding that the phrase "taxable costs" always means those costs allowed by chapter 4.84 RCW, *Polygon* holds that " 'taxable costs' as that term is commonly used in Washington legal parlance"[15] does not include attorney fees.[16] Because Johnson and Horizon agree that only statutory attorney fees are authorized by either CR 41(b) or RCW 4.84.010, *Polygon* does not apply here.

---

[11] Johnson also claims that his interpretation gives meaning to both the terms "taxable costs" and "as it may deem proper." But "taxable" is an adjective that means "assessable," BLACK'S LAW DICTIONARY 1500 (8th ed. 2004), and both terms have meaning under an interpretation of CR 41(d) that allows the trial court to assess the costs it deems proper.

[12] 143 Wn. App. 753, 189 P.3d 777 (2008).

[13] *Id.* at 788.

[14] *Id.* at 788-89 (citing *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 743, 733 P.2d 208 (1987)). *Nordstrom* involves the cost recovery provision of the Consumer Protection Act, chapter 19.86 RCW, which does not give the trial court the discretion to award the costs it deems proper. *Blaine* distinguishes *Nordstrom* from cases, such as this one, where the specific fee recovery provision gives the trial court discretion. *Blaine*, 95 Wn. App. at 116.

[15] *Polygon*, 143 Wn. App. at 786.

[16] *Id.* at 789-90.

¶12 Finally, Johnson's theory of cost recovery would create a conflict between RCW 4.84.010 and CR 41(d). The very reason why RCW 4.84.010 would provide the result Johnson argues for illustrates why CR 41(d), unlike CR 54(d), does not limit recovery to RCW 4.84.010 costs. RCW 4.84.010(5) and (7) allow recovery for expenses related to evidence *used at trial* by a prevailing party. Johnson claims that he should not have to pay Horizon's deposition, record, and witness fee expenses because his action never went to trial. But CR 41(d) applies only where the plaintiff dismissed and refiled the action *before trial*. Linking CR 41(d) cost recovery to chapter 4.84 RCW would significantly reduce cost recovery under CR 41(d) since the defendant obviously cannot use evidence at a trial when there is no trial. Because the plaintiff has chosen to prevent a trial when he takes a voluntary dismissal, he should be responsible for the costs the defendant reasonably incurred in anticipation of trial.[17] We affirm the trial court's cost order.

## II. Dismissal

¶13 Johnson contends that the trial court erred by dismissing his second action. We review a trial court's decision to dismiss an action under CR 41(b) for abuse of discretion.[18] A trial court abuses its discretion when it is manifestly unreasonable or based on untenable grounds.[19]

### A. Authority To Impose One-Sided Stay

¶14 Johnson first argues that the trial court erred by imposing an unauthorized stay that prevented him from complying with the case schedule. Horizon counters that

---

[17] Johnson also urges this court to adopt the Ninth Circuit's interpretation of the analogous federal cost recovery rule. The Ninth Circuit allows recovery of costs from the dismissed action only to the extent that the evidence would not be useful in defending against the second action. *See Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993). While this may be a rational limitation, we do not have the authority to effectively amend an existing court rule.

[18] *Woodhead v. Disc. Waterbeds, Inc.*, 78 Wn. App. 125, 130-31, 133, 896 P.2d 66 (1995), *review denied*, 128 Wn.2d 1008 (1996).

[19] *Hizey v. Carpenter*, 119 Wn.2d 251, 268, 830 P.2d 646 (1992).

CR 41(d)'s discretionary language gives the trial court broad latitude to fashion stays aimed at compelling compliance with an order awarding costs.[20] CR 41(d) says that the trial court judge "may stay the proceedings in the action until the plaintiff has complied with the order" awarding costs. Johnson contends that CR 41(d) permits the trial court to stay only all of the proceedings, not just a part of the proceedings. But because the rule gives the trial court the authority to stay all proceedings, CR 41(d) also gives the trial court the lesser power to stay part of the proceedings.[21] Thus, an appeal to the text of CR 41(d) does not resolve the issue.

¶15 Johnson next argues the stay was unfair because it forced him into a difficult procedural posture by barring him from prosecuting his action in the face of impending deadlines. But Johnson's argument just helps to explain why CR 41(d) allows a trial court to impose a stay against only one party. CR 41(d) permits a trial court to order a plaintiff to pay costs but does not require a stay following the cost order; the trial court could simply order immediate payment. By allowing the court to impose a stay "until the plaintiff has complied with the order," CR 41(d) gives the trial court a more flexible option. But the wording of this option, with its focus on compliance, demonstrates that CR 41(d) does not condone indefinite stays. Rather, the trial court may use the stay as leverage, forcing the plaintiff to comply with the cost order within a time period that is neither indefinite nor immediate.

¶16 Although the court did not modify the case schedule, Johnson had over eight months to start making payments before the first case schedule deadline. During that time, he did not comply with the cost award payment plan he set up. Nor did he move for a new payment plan or file a timely

---

[20] Neither party cites any relevant case law support for their respective positions.

[21] *See State ex rel. Bowen v. Kruegel*, 67 Wn.2d 673, 680, 409 P.2d 458 (1965) (greater power includes lesser power).

motion to amend the case schedule.[22] Under these circumstances, the stay the trial court imposed was not unfair because it applied only to the party who had the ability to lift the stay. And staying the entire action would have put Horizon at an unfair procedural disadvantage because it would not have been able to prepare or pursue its defense of a nearly four year old case until Johnson paid the costs. Finally, the language of the analogous federal rule "clearly indicates that it conveys 'broad discretion' on federal courts to order stays."[23] CR 41(d) authorized the stay imposed by the trial court. It did not cause Johnson's failure to comply with the case schedule, and that failure may be properly considered as a basis for dismissal.

B. Authority To Dismiss

¶17 Johnson argues that the trial court abused its discretion by dismissing his second action. CR 41(b) authorizes a trial court to dismiss an action for noncompliance with court orders.[24] King County Local Rule 4(g)(1) provides that "[f]ailure to comply with the Case Schedule may be grounds for imposition of sanctions, including dismissal." While dismissal is disfavored, it is justified when a party's refusal to obey the trial court's order was willful or deliberate and substantially prejudiced the other party.[25] Disregarding a trial court's order without reasonable excuse or justification is considered willful.[26] The trial

---

[22] Johnson did not move to strike the case schedule until December 19, 2007, one month after the deadline for disclosing primary witnesses.

[23] *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996) (interpreting FED. R. CIV. P. 41(d)); *see also* 9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2375, at 770-71 (3d ed. 2008).

[24] *Apostolis v. City of Seattle*, 101 Wn. App. 300, 304, 3 P.3d 198 (2000). CR 41(b) states, "For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or any claim against him or her."

[25] *Rivers v. Wash. State Conference of Mason Contractors*, 145 Wn.2d 674, 686, 41 P.3d 1175 (2002).

[26] *Id.* at 687-88.

court must indicate on the record that it has considered sanctions less harsh than dismissal.[27]

## 1. Willful or Deliberate

¶18 Johnson argues that his disregard for the scheduling order and the order to pay costs was not deliberate because he had a reasonable excuse—he could not afford to pay the cost award. The trial court made a finding of willfulness in this case. The question is whether the record supports a finding of willful disregard.[28] We conclude that it does. The trial court properly took into account Johnson's limited resources by amending the order awarding costs to incorporate the installment payment plan he asked for. In support of his successful motion for the payment plan, Johnson declared on July 19, 2007, that he would "promptly advise the Court if I have to stop working at" the job that would allow him to make the $300 per month payments. Although Johnson later said that he had not had steady work since the "first week of August 2007," he did not even assert his inability to pay until December 19, 2007, and only then in response to Horizon's motion to dismiss. As the trial court stated, "Noting a hearing or a response of sorts costs little[,] if anything." Johnson never made a payment on the cost order, and he never informed the court that he had a reason for failing to comply with the revised order to pay costs. The record supports the trial court's finding that Johnson's disregard was willful. Nor did Johnson offer a reasonable excuse for disregarding the scheduling order. He did not move to amend the case schedule until one month after he missed the first deadline. And to the extent the stay caused Johnson to miss the witness disclosure deadline, he neither complied with the court's order allowing him to lift the stay by making payments on the cost award nor asked for a new payment plan. By December 2007, it was clear to the trial court that Johnson had not and apparently would

---

[27] *Id.* at 696.

[28] *Id.* at 686.

not diligently prosecute the case or comply with the court's orders. We hold that the trial court's finding of willful disregard was supported by the record.

## 2. Prejudice

¶19 Johnson argues that the trial court incorrectly found that his disregarding the court's orders prejudiced Horizon. Johnson does not explain why the trial court's finding was wrong, except to ask how the stay could have prejudiced Horizon when Horizon asked for it. Although the stay did not work, Horizon's request for an action-forcing stay was designed to assure payment of the costs, not an invitation for Johnson to stop prosecuting his claim.

¶20 Under *Rivers*, the trial court must find that noncompliance with its orders substantially prejudiced the other party.[29] We review findings of fact under the substantial evidence standard.[30] Here, the trial court found that Johnson's noncompliance with the order awarding costs and the case schedule prejudiced Horizon's ability to prepare for trial. At the time of dismissal, Horizon was defending against an action arising from an incident that occurred 3 years and 10 months earlier. Johnson's failure to disclose witnesses prevented Horizon from preparing a defense for the upcoming trial, which had not been stayed, while "witnesses are still available and memories are still clear."[31] Accordingly, we hold that substantial evidence supports the trial court's finding that Johnson's failure to disclose primary witnesses, together with his failure to comply with the order awarding costs, substantially prejudiced Horizon.

---

[29] *Rivers v. Wash. State Conference of Mason Contractors*, 145 Wn.2d 674, 694, 41 P.3d 1175 (2002).

[30] *Rogers Potato Serv., LLC v. Countrywide Potato, LLC*, 152 Wn.2d 387, 391, 97 P.3d 745 (2004).

[31] *Dowell Co. v Gagnon*, 36 Wn. App. 775, 776, 677 P.2d 783 (1984) (explaining the purpose behind the statute of limitations). The statute of limitations for Jones Act personal injury claims is three years. 46 U.S.C. § 30106.

### 3. Consideration of Less Harsh Sanctions

¶21 Johnson argues that the trial court erred by finding that lesser sanctions than dismissal would be insufficient. First, he asserts that "[u]navailability of [a] less burdensome sanction is negated by the fact of the stay." But the trial court did more than merely consider using a stay as a less burdensome sanction. It imposed one. The stay did not work because Johnson did not comply with the order awarding costs, even after the order was revised to take Johnson's financial constraints into account. Second, Johnson claims the trial court should have required Horizon to obtain an order compelling witness disclosure. But the burden was on Johnson to comply with the court's orders. He does not explain how an additional witness disclosure order from the trial court would have allowed him to prosecute his action at a time when the case remained stayed because of his noncompliance with the order awarding costs. Finally, Johnson suggests that the trial court should have waited three more months and dismissed the action without prejudice for want of prosecution under CR 41(b)(1). Although a CR 41(b)(1) dismissal would have been less harsh, dismissal without prejudice would not have been sufficient to remedy the prejudice caused to Horizon by another delay. By the time the trial court dismissed the case, Johnson had demonstrated that he would not comply with the court's orders. There was no reason to think that another CR 41 dismissal would result in anything other than a repetition of delays and noncompliance the court had already seen.

¶22 Because the trial court satisfied the *Rivers* requirements before resorting to dismissal, we hold that it did not abuse its discretion by granting Horizon's motion to dismiss.

### III. Due Process

¶23 Johnson contends that the trial court denied his due process rights by ruling on Horizon's motion to dismiss

without hearing oral argument or considering his motion to clarify. The record does not support Johnson's position that the trial court did not consider his motion to clarify when ruling on Horizon's motion to dismiss. All the record shows is that the trial court did not specifically rule on the motion to clarify because it had decided that dismissal was appropriate. Although a party must receive " 'an opportunity to present [its] position before a competent tribunal,' " there is no due process right to oral argument.[32] In Johnson's opposition to Horizon's motion to dismiss, he argued that the "[c]ase [s]chedule clearly does not apply" and that the trial court may not issue a one sided stay. These are the same points he made in his motion to clarify. Thus, we hold that the trial court did not deny Johnson his due process rights because Johnson had an opportunity to present his position and have the trial court consider it.

¶24 We affirm.

SCHINDLER, C.J., and DWYER, J., concur.

---

[32] *Hanson v. Shim*, 87 Wn. App. 538, 551, 943 P.2d 322 (1997) (alteration in original) (quoting *Parker v. United Airlines, Inc.*, 32 Wn. App. 722, 728, 649 P.2d 181 (1982)), *review denied*, 134 Wn.2d 1017 (1998).