IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| ERICA KELLY, | ) | No. 83042-2-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CONSUELO ROSALES SOLANO, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Consuela Solano argues that the trial court incorrectly limited her cost recovery under CR 68 to only those costs permitted under RCW 4.84.010, the costs to the prevailing party statute. But because Solano provided no additional statutory or contractual authority allowing recovery of attorney fees, expert witness fees, or other litigation expenses, the court did not abuse its discretion.

We affirm.

## FACTS

Between 2015 and 2016, Erica Kelly was in three different motor vehicle accidents.

In December 2016, Kelly sued Milton Nguyen, Consuela Solano, and Joanne Brothers for negligence and negligent infliction of emotional distress, alleging that Nguyen, Solano, and Brothers were jointly and severally liable for her injuries. Kelly

also sued Nguyen's parents and Hugo Alvarez for negligent entrustment.[1] Kelly and Brothers settled.

On August 21, 2020, Solano and Alvarez served an offer of judgment to Kelly for $15,000. That September, Solano and Alvarez served another offer of judgment to Kelly for $25,000. Kelly did not accept either offer. Kelly voluntarily dismissed her claim against Alvarez.

After trial, the jury awarded Kelly $67,200 in damages and apportioned 80 percent to Nguyen and his parents and 20 percent to Solano. Solano submitted a cost bill under CR 68, arguing that she was entitled to all costs she incurred after she submitted the first offer of judgment. Specifically, Solano requested reimbursement for court filing fees, process service fees, interpreter fees, legal messenger fees, copying fees, court reporter fees, deposition transcript fees, expert witness fees, and attorney fees.

The court found that Solano was only entitled to recover costs under RCW 4.84.010.[2] The court entered judgment against Solano for $13,340 and awarded Solano $200 in statutory attorney fees and $154 for service of process fees.

Solano appeals.

<u>ANALYSIS</u>

Solano argues that the trial court erred by limiting her cost recovery under CR 68 to only those costs specified in RCW 4.84.010. We review a trial court's

---

[1] Nguyen's parents and Alvarez owned the vehicles that Nguyen and Solano were driving when the accidents occurred.

[2] Clerk's Papers (CP) at 126-49.

award of costs for an abuse of discretion.[3]  A trial court abuses its discretion when its decision is based upon untenable grounds or reasons.[4]

Under CR 68, "if the judgment finally obtained by the offeree is not more favorable than the offer," CR 68 allows the prevailing party to recover costs as provided in RCW 4.84.010.[5]

RCW 4.84.010, the costs to the prevailing party statute, generally allows the prevailing party to recover costs limited to filing fees, service of process fees, service of publication fees, some notary fees, statutory attorney and witness fees, and reasonable costs of the transcription of depositions used at trial or arbitration proceedings if they are introduced as evidence.[6]  In very limited situations, the prevailing party may be entitled to a broader range of costs in addition to the costs specified in RCW 4.84.010 if a specific statutory authority or contractual provision authorizes an expanded cost recovery such as attorney fees, expert witness fees, or other litigation expenses.  For example, Washington courts have "found that the prevailing party is entitled to more than statutory costs as provided for in

---

[3] Bevan v. Meyers, 183 Wn. App. 177, 188, 334 P.3d 39 (2014).

[4] Ethridge v. Hwang, 105 Wn. App. 447, 459, 20 P.3d 958 (2001).

[5] Tippie v. Delisle, 55 Wn. App. 417, 421, 777 P.2d 1080 (1989) ("[W]hen RCW 4.84.030 [the general statute entitling a prevailing party to costs] and CR 68 are read together, a defendant making an offer pursuant to CR 68 which is greater than the judgment finally obtained by the plaintiff, is entitled to costs and disbursements.")

[6] RCW 4.84.010(1)-(7); see, e.g., Estep v. Hamilton, 148 Wn. App. 246, 263, 201 P.3d 331 (2008) ("RCW 4.84.010 does not authorize expert witness fees in an award of costs to the prevailing party."); see also Jordan v. Berkey, 26 Wn. App. 242, 245, 611 P.2d 1382 (1980).

3

RCW 4.84.010, in civil rights actions and under the model toxic control act."[7]

Here, it is undisputed that Solano was the prevailing party under CR 68 and was entitled to recover costs from Kelly. And Solano did not provide any statutory authority or contractual provision authorizing her to recover expanded costs in the form of attorney fees, expert witness fees, or other litigation expenses. Therefore, the trial court did not abuse its discretion in limiting Solano's recovery to the costs specified in RCW 4.84.010.

Solano's arguments advocating for this court to expand CR 68 are not persuasive.

First, Solano argues that the trial court miscalculated her costs by relying on this court's decision in Sims v. KIRO Inc.,[8] which, according to Solano, misinterpreted our Supreme Court's decision in Fiorito v. Goerig.[9] Solano's argument is based upon her faulty premise that Fiorito cannot control the outcome here because that case was decided decades before CR 68 was enacted. In interpreting our Supreme Court's decision in Fiorito, this court in Sims held that absent a specific statutory or contractual provision permitting

---

[7] Am. Civil Liberties Union of Washington v. Blaine Sch. Dist. No. 503, 95 Wn. App. 106, 116, 975 P.2d 536 (1999); see also Hume v. Am. Disposal Co., 124 Wn.2d 656, 674, 880 P.2d 988 (1994) (noting that "[c]osts have historically been very narrowly defined, and RCW 4.84.010 limits cost recovery to a narrow range of expenses such as filing fees, witness fees, and service of process expenses. Civil rights cases stand as an exception to this rule because the Legislature has expressly authorized recovery of actual costs of the litigation, including expert witness fees, facsimile and copying expenses, costs of depositions, and other out-of-pocket expenses") (citing Nordstrom, Inc. v. Tampourlos, 107 Wn.2d 735, 743, 733 P.2d 208 (1987)).

[8] 20 Wn. App. 229, 580 P.2d 642 (1978).

[9] 27 Wn.2d 615, 179 P.2d 316 (1947).

recovery of attorney fees, expert witness fees, or other litigation expenses as costs to the prevailing party, the trial court does not "have authority to include expenses in such an award beyond the statutory costs allowable under RCW 4.84.030 [the general statute entitling a prevailing party to costs] and 4.84.080 [the statutory attorney fee provision]."[10] We agree with the holding in Sims.

Solano also argues that this court should "follow the guidance" of Johnson v. Horizon Fisheries, LLC.[11] In Johnson, the appellate court held that costs under CR 41(d) are not limited to RCW 4.84.010.[12] The court reasoned that CR 41(d) does not explicitly limit recovery to RCW 4.84.010, the language of CR 41(d) authorizes a more expansive cost recovery, and CR 41(d) applies only before trial, so restricting costs to RCW 4.84.010 would substantially limit the prevailing party's recovery.[13] But unlike CR 41(d), absent additional statutory or contractual authority, case law explicitly limits cost recovery under CR 68 to costs as defined in RCW 4.84.010, the language of CR 68 does not permit a more expansive cost recovery, and CR 68 applies after trial. Johnson is inapposite.

Finally, Solano contends that CR 68 is "virtually identical" to the federal rule and should be expanded to include costs in addition to those prescribed by

---

[10] Sims, 20 Wn. App. at 238; see also Fiorito, 27 Wn.2d at 619.

[11] Appellant's Corrected Br. at 16-17 (citing Johnson v. Horizon Fisheries, LLC, 148 Wn. App. 628, 201 P.3d 346 (2009)).

[12] Johnson, 148 Wn. App. at 632-33.

[13] Id. at 633-35.

RCW 4.84.010.[14]  In support of her argument, Solano cites to <u>Marek v. Chesny</u>.[15]

In <u>Marek</u>, the plaintiff filed a Civil Rights Act claim under section 1983 which

explicitly permits "the court, in its discretion [to] allow the prevailing party, other

than the United States" to recover reasonable attorney fees as costs.[16]  But here,

unlike <u>Marek</u>, there was no specific statutory or contractual provision permitting

an expanded cost recovery.  Solano's argument is not compelling.[17]

We affirm.

_____

WE CONCUR:

_____     _____

---

[14] Appellant's Corrected Br. at 21.

[15] 473 U.S. 1, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985).

[16] <u>Id.</u> at 2; <u>see also</u> <u>Hume</u>, 124 Wn.2d at 674.

[17] Solano further argues that this court should expand the cost provision in CR 68 for public policy reasons, namely, so that defendants are not discouraged from making offers of judgment.  But because the language of CR 68 is plain on its face, and neither party argues that CR 68 is ambiguous, we need not consider Solano's public policy argument.  And as this court noted in <u>Sims</u>, "In the event that [CR 68] is to be expanded . . . it should be expanded by statute or by amendment."  <u>Sims</u>, 20 Wn. App. at 238.