**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| DOUGLAS R. CAMERON and ERICA L. CAMERON, husband and wife, and the marital community comprised thereof,<br><br>Respondents,<br><br>v.<br><br>FLOORING BY FLORIN, LLC., a Washington limited liability company; and FLORIN SZUCS,<br><br>Appellants. | No. 86327-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — The questions here presented are: did the appellants, Flooring by Florin, LLC (FBF) and Florin Szucs, properly comply with SCCAR 7.1 when they filed and served their trial de novo request, and if in compliance, did the superior court err by striking the trial de novo request for appellants' failure to comply with a case scheduling order? We answer both questions yes, and we reverse and remand.

I

Douglas Cameron and Erica Cameron, a married couple, brought claims against FBF and Szucs for breach of contract and violation of the Consumer Protection Act, chapter 19.86 RCW. Douglas,[1] an attorney, represented that he

---

[1] In this opinion, we refer to the Camerons individually by their first names for clarity.

was "both a plaintiff in this matter and the attorney of record for the plaintiffs." After a three day arbitration hearing, the arbitrator entered an award in favor of the Camerons. This award, filed on November 30, 2023, began a 20 day clock in which the parties could file a trial de novo request. Appellants filed their trial de novo request and jury demand on December 18, 2023. A legal assistant for appellants' counsel filed a certificate of service stating she had "caused to be delivered via U.S. Regular Mail" the trial de novo request and jury demand to Douglas, at his law firm and home addresses, on December 15, 2023.

Following FBF's trial de novo request, the superior court issued a case scheduling order on December 18, 2023, which stated, "The appealing party in this Arbitration Trial de Novo action **must** serve a copy of this case schedule on all other parties within 10 days of receipt." FBF's counsel "did not receive the traditional 'Notice of E-Service' email from the King County ECF [electronic case files] system" and did not become aware of the case scheduling order until January 10, 2024. When they learned of the order, FBF's counsel promptly provided a copy of the order to the Camerons. By January 10, the deadline for motions to change the trial date had passed, and FBF's counsel offered to stipulate to a new trial date, but this offer was declined. The deadline to demand a jury had passed also, but appellants had already demanded one.

On January 19, 2024, the Camerons filed a motion to strike the trial de novo request and to enter judgment on the arbitration award. Following oral argument, the superior court granted the Camerons' motion. It found that Douglas had properly been served the trial de novo request and jury demand but that Erica had

2

not been.  The superior court also found that the appellants had not complied with the case scheduling order because they had not served a copy of it on all other parties within 10 days of receipt.  Therefore, the superior court concluded, the appellants had failed to comply with the filing and service requirements of SCCAR 7.1(a) and the service requirements of King County Local Civil Arbitration Rules (KCLCAR) 7.1.  The superior court entered final judgment on the arbitration award and entered judgment on an order awarding costs and attorney fees to the Camerons.

FBF and Szucs timely appealed, seeking review of the superior court's orders striking the trial de novo request, entering final judgment on the arbitration award, and awarding costs and attorney fees.

II

We interpret court rules and arbitration rules " 'as though they were drafted by the Legislature.' " Crossroads Mgmt., LLC v. Ridgway, 2 Wn.3d 528, 537, 540 P.3d 82 (2023) (quoting Nevers v. Fireside, Inc., 133 Wn.2d 804, 809, 947 P.2d 721 (1997)).  We review the application of a court rule or law to the facts de novo. Id. at 537-38.  "A trial court's order dismissing a case for noncompliance with court orders or rules is reviewed for abuse of discretion.  A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds." Apostolis v. City of Seattle, 101 Wn. App. 300, 303, 3 P.3d 198 (2000) (footnotes omitted).

A

The appellants assign error to the superior court's finding that they did not serve their trial de novo request on Erica. They assert that service was timely and satisfied the requirements set forth in SCCAR 7.1(a) and CR 5. We agree.

SCCAR 7.1(a) addresses service for trial de novo requests: "Any request for a trial de novo must be filed with the clerk and served, in accordance with CR 5, upon all other parties appearing in the case within 20 days after the arbitrator files proof of service of" the award. And per CR 5(b)(1), "Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service directly upon the party is ordered by the court." With regard to service by mail, "[t]he service shall be deemed complete upon the third day following the day upon which [the papers] are placed in the mail." CR 5(b)(2).

Douglas was the attorney of record on behalf of himself and his wife, Erica. The arbitrator filed proof of service of the award on November 30, 2023. The appellants served, by mail, the trial de novo request on December 15. Service was deemed complete three days later, on December 18. CR 5(b)(2)(A). Service was therefore completed before the 20 days had passed. As a represented party, and absent a court order that service be upon her directly, Erica was properly served through service on her attorney, Douglas.

Citing Nevers, 133 Wn.2d at 810, and Alvarez v. Banach, 153 Wn.2d 834, 836-37, 109 P.3d 402 (2005), the Camerons respond that determination of service depends on whether they "actually received" the request for trial de novo However,

4

in Nevers, the trial de novo request was mailed on the twentieth day after the arbitrator's award and was thus untimely, as it was not complete until three days after the mailing under CR 5(b)(2)(A).  Nevers, 133 Wn.2d at 810 & n.3.  And in Alvarez, the trial de novo request was served by delivery " 'via Legal Messenger Services,' " not by mail, so presumption of receipt under CR 5(b)(2)(A), as occurred here, did not arise.  153 Wn.2d at 836.

The appellants properly and timely served their trial de novo request in compliance with SCCAR 7.1 and CR 5.

B

The appellants contend that even if they violated the case scheduling order, the Camerons were not prejudiced.  They argue that any such violation required analysis under Burnet v. Spokane Ambulance, 131 Wn.2d 484, 494, 933 P.2d 1036 (1997), which was not done, and if done would not justify dismissal.  We agree.

Under King County Local Civil Rule 4(g)(1), "[f]ailure to comply with the Case Schedule may be grounds for imposition of sanctions, including dismissal." "While dismissal is disfavored, it is justified when a party's refusal to obey the trial court's order was willful or deliberate and substantially prejudiced the other party." Johnson v. Horizon Fisheries, LLC, 148 Wn. App. 628, 638, 201 P.3d 346 (2009). A trial court "must indicate on the record that is has considered sanctions less harsh than dismissal."  Id. at 638-39; see Keck v. Collins, 184 Wn.2d 358, 368-69, 537 P.3d 1080 (2015) ("[B]efore imposing a severe sanction, the court must consider the three Burnet factors on the record: whether a lesser sanction would

5

probably suffice, whether the violation was willful or deliberate, and whether the violation substantially prejudiced the opposing party.").

The superior court's order striking the trial de novo request states that the appellants failed to comply with "the service requirements of [the Trial De Novo Case Schedule] Order entered pursuant to [KCLCAR] 7.1." But KCLCAR 7.1 imposes no service requirements on the parties. Nor does SCCAR 7.1 impose any service requirements beyond service of the trial de novo request. The case schedule order itself imposed the requirement that the appellants "must serve a copy" on the other parties "within 10 days of receipt."

The superior court did not consider the Burnet factors on the record. Nor does the record suggest that the appellants' violation was willful or deliberate, as they were unaware of the order until January 10, 2024, and upon discovering it, promptly served it on the Camerons. The Camerons claimed to be prejudiced because the deadlines to file a jury demand and a motion to change the trial date had passed. The scheduled trial date was set to conflict with the Camerons' vacation planned for seven months in the future. However, a jury demand had already been filed by the appellants, and the appellants agreed to stipulate to a new trial date. The Camerons' planned future vacation could clearly have been reasonably accommodated.

The trial court abused its discretion by not considering the Burnet factors on the record before imposing the severe sanction of striking a trial de novo.

6

C

In the superior court, the Camerons also challenged the trial de novo request based on the signature of appellants' counsel. Appellants argue that their trial de novo request, signed by FBF and Szucs, but signed by counsel only as "Attorneys for Flooring by Florin, LLC," complied with the form requirements of SCCAR 7.1. The Camerons respond that this issue of signature was not part of the superior court's findings and order, and therefore, per RAP 2.4(a), the issue is not before us. However, we reach this issue because of its potential for being raised on remand.

A trial de novo request, submitted by only one party, is sufficient to compel a trial and bind the other non-requesting parties to its result. See Sultani v. Leuthy, 86 Wn. App. 753, 755-56, 943 P.2d 1122 (trial de novo request granted when made by one of four defendants held jointly and severally liable in arbitration award). SCCAR 7.1(b) sets forth the form requirements for a trial de novo request. "The request for a trial de novo shall not refer to the amount of the award, including any award of costs or attorney fees, and shall be *substantially in the form* set forth below, and must be signed by the party." SCCAR 7.1(b) (emphasis added); see Splattstoesser v. Scott, 159 Wn. App. 332, 339, 246 P.3d 230 (2022) (When notice was clear to the parties and court, misnaming a person on the form was substantial compliance.).

The appellants' trial de novo request was substantially in the form required under SCCAR 7.1(b). The only omission was that under the attorney signature line where it stated, "Attorneys for Defendant Flooring by Florin, LLC," counsel did

not also write, "Attorneys for Florin Szucs." Because counsel had represented FBF and Szucs throughout the litigation, notice was clear to the parties and the form substantially complied with the requirements set forth in SCCAR 7.1(b). And even if Szucs's trial de novo request did not comply, FBF's trial de novo request was still sufficient.

The superior court's order striking the trial de novo request, the order entering final judgment on arbitration award, and the judgment on order awarding costs and attorney fees are reversed. The Camerons' request for reasonable attorney fees and costs is denied. The case is remanded for proceedings consistent with this opinion.

_Birk, J._

WE CONCUR:

_Hazelrigg, A.C.J._      _Smith, C.J._

8