# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JAMIE WALLIN,<br><br>   Respondent/Cross-Appellant,<br><br> v.<br><br>WASHINGTON DEPARTMENT OF<br>CORRECTIONS,<br><br>   Appellant/Cross Respondent. | No. 55795-9-II<br>Consol. No. 56035-6-II<br><br><br>UNPUBLISHED OPINION |

CHE, J.—The Washington Department of Corrections (DOC) administers the Sex Offender Treatment and Assessment Program (SOTAP). SOTAP provides sex offenders with treatment by licensed social workers and clinicians to mitigate their risk of committing future sexual offenses. Jamie Wallin, a DOC inmate, filed a Public Records Act (PRA), chapter 42.56 RCW, request with DOC seeking all SOTAP records for women inmates with redactions to protect their identities. The request implicates 96 women and potentially thousands of records.

DOC determined that all of the responsive records were exempt from disclosure and redaction as they contained health care information and were otherwise records related to mental health services protected under the Uniform Healthcare Information Act (UHCIA), chapter 70.02 RCW. The trial court ruled that DOC violated the PRA and ordered disclosure with appropriate redactions. The trial court awarded Wallin half of his costs but denied his request for penalties.

DOC appealed arguing that it did not violate the PRA because (1) the UHCIA exclusively governs the inspection of patient files; and (2) even if the PRA applies, Wallin sought only mental health services records, which are exempt from disclosure and not subject to redaction.

Wallin cross-appealed arguing that (1) the trial court erred by reducing his award of costs without evidence of malfeasance, (2) the trial court erred by ruling that DOC did not act in bad faith by withholding the records, (3) the trial court erred by denying his motion to stay for additional discovery on the issue of bad faith, and (4) Wallin is entitled to costs on appeal.

We hold that (1) both the PRA and the UHCIA apply to the public inspection and copying of health care information, (2) mental health services records under RCW 70.02.230(1) are not required to be redacted nor disclosed under the PRA, (3) the trial court erred by requiring DOC to produce the requested records with redactions as they are mental health services records, but DOC violated the PRA by failing to adequately identify the withheld responsive records, (4) the trial court did not abuse its discretion by reducing the cost award, (5) DOC did not act in bad faith, and (6) the trial court did not abuse its discretion by denying the motion to stay for additional discovery. Consequently, we reverse in part and affirm in part. We remand for the trial court to vacate its order requiring DOC to produce the requested records with redactions and deny Wallin's costs on appeal.

FACTS

DOC administers SOTAP. SOTAP provides sex offenders with treatment to manage their risk of committing future sexual offenses. All of the SOTAP clinicians—social workers and mental health counselors—are licensed with the Washington Department of Health.

No. 55795-9-II
(Consol. No. 56035-6-II)

SOTAP patient records contain,

> but [are] not limited to, details on an individual's own victimization, their full sex offense history (both adjudicated and unadjudicated), their full sexual history to include the first time they masturbated, the first time they touched another's sexual organ, what they are sexually aroused to both deviant and non-deviant among other incredibly personal details.

Clerk's Papers (CP) at 120. Some of the records "contain narratives of full family history, mental health of family, family locations, significant family events (to include family victimization and the relationship between the individuals)." CP at 527. The records contain psychological testing data, confidentiality forms, informed consent documents, treatment plans, psychosexual evaluations, treatment assignments, progress reviews, and plethysmograph assessments. More broadly, the records include "all clinically relevant documentation and all records related to an individual's application, treatment, participation in, and discharge from the . . . program." CP at 388-89.

Wallin filed two PRA requests with DOC and each contained two categories. In one request, Wallin sought the "records of his transactions made from his JPay prepaid media account and a copy of the user agreement between him and JPay." CP at 548. In the other request, Wallin sought the curricula vitae of certain mental health providers and the following:

> All Sex Offender Treatment Program (SOTP) records for persons who participated in SOTP, as well as the SOTP Aftercare Program, at the Washington Corrections Center for Women (WCCW), from the period of January 1, 2003 through December 31, 2017. These records are to include, but are not limited to: evaluations, primary encounter reports, treatment notes, handwritten provider notes, treatment forms, treatment logs, treatment summaries, and other forms, to include signed DOC forms related to SOTP programs, such as . . . (program screening and application), . . . (Informed Consent), . . . (Release of Confidential Information), . . . (confidentiality Statement), et cetera.

CP at 39.

3

In the SOTAP patient records request, Wallin asked DOC to "redact all personal identifying information . . . to conform to the disclosure requirements of chapter[s] 70.02 RCW and 42.56 RCW." CP at 39. In a letter, DOC responded that the requested records were exempt from disclosure because, in pertinent part, they constituted mental health services records under RCW 70.02.230(1).[1] DOC did not otherwise identify the type or number of records involved.

Wallin filed a lawsuit against DOC alleging that DOC violated the PRA. Wallin sought production of the requested records and sanctions in his complaint. DOC argued that it did not violate the PRA because the requested records were exempt from disclosure because the records were patient records that contained "health care information," and it was not obligated to redact such records. CP at 102.

DOC submitted the declaration of Denise Vaughan—the information governance director for DOC. Vaughan characterized the records Wallin requested as "patient mental health records" that were exempt from disclosure under the UHCIA. CP at 142. Vaughan also noted that redacting each record would be "a near-impossible task" due to the nature of the records. CP at 142.

Vaughan determined that the responsive records were the treatment records of 96 SOTAP female patients. DOC also submitted the declaration of Cathi Harris—the director of SOTAP. Harris also determined that the responsive records were the treatment records of 96 SOTAP female patients.

---

[1] In its letter, DOC also more broadly maintained that the requested records were exempt from disclosure as they contained health care information under RCW 70.02.020(1).

At the PRA merits hearing, Wallin conceded that his PRA claim related to his request for the curricula vitae of SOTAP providers was meritless. The trial court ruled that DOC did not violate the PRA regarding the JPay records request, but it did violate the PRA by failing to collect and appropriately redact the responsive SOTAP records.

Of note, the trial court found Wallin's "request was not a request for patient files, but that the records requested did contain health care information, which is exempt from disclosure." CP at 373-74. The trial court further noted that "it does not appear that . . . [Wallin]'s broad request was for patient files specifically and exclusively." CP at 376. The trial court set a hearing to address penalties and costs on May 7, 2021.

DOC moved for reconsideration and clarification. Among other requests, Wallin moved to stay further proceedings until DOC produced the records. Wallin also argued deciding whether DOC acted in bad faith would be premature without additional discovery. The trial court denied both parties' motions and continued the penalty hearing to June 18. The trial court ordered DOC to "conduct a reasonable search, collect records, determine any appropriate redactions, and provide a response to . . . [Wallin] with all non-exempt records or redacted records consistent with [statutes] and case law." CP at 434.

Wallin moved for $443.39 in costs. The trial court awarded Wallin half the costs he requested because he succeeded on only one part of his four-part PRA request. The trial court ruled that Wallin was not entitled to penalties because DOC did not act in bad faith. Wallin moved for reconsideration of the cost award and the bad faith determination. The trial court denied that motion.

DOC appeals the trial court's conclusion that it violated the PRA and the order requiring it to produce redacted SOTAP records. Wallin cross-appeals regarding fee and penalty related issues.

ANALYSIS

I. PRODUCTION OF RECORDS

A. *Preservation of Arguments*

As a preliminary matter, Wallin argues that we should not consider DOC's following arguments as they were not raised below: the requested SOTAP records are exempt from disclosure as mental health services records under RCW 70.02.230(1), and the requested SOTAP records are exempt from disclosure as they contain health care information that cannot be deidentified. We disagree.

We may refuse to review errors raised for the first time on review. RAP 2.5(a).

In DOC's response to Wallin's PRA request, DOC stated that the requested records contained health care information and mental health services information protected under RCW 70.02.020(1) and RCW 70.02.230(1). In DOC's trial briefing, DOC argued that it did not violate the PRA because the requested records were exempt from disclosure because the records contained "health care information," and it was not obligated to redact such records under RCW 70.02. CP at 102.

The Vaughan declaration characterized the records Wallin requested as "patient mental health records" that were exempt from disclosure under the UHCIA. CP at 142. Vaughan also noted that redacting each record would be "a near-impossible task" due to the nature of the

records. CP at 142. We find this sufficient and exercise our discretion to review DOC's arguments. We conclude that, contrary to Wallin's assertion, DOC raised below the issues that Wallin identifies.

B. *Legal Principles*

We review agency action challenged under the PRA de novo. *Doe G v. Dep't of Corr.*, 190 Wn.2d 185, 191, 410 P.3d 1156 (2018). "The PRA requires agencies to disclose any public record on request unless the record falls within a specific, enumerated exemption." *Freedom Found. v. Dep't of Transp.*, 168 Wn. App. 278, 287, 276 P.3d 341 (2012). We construe the disclosure provisions of the PRA liberally and the exemption provisions narrowly. *Doe G*, 190 Wn.2d at 191-92. The agency bears the burden to show that an exemption applies. *Resident Action Council v. Seattle Hous. Auth.*, 177 Wn.2d 417, 428, 327 P.3d 600 (2013).

A "public record" is defined as "any writing containing information relating to the conduct of government or the performance of any governmental or proprietary function prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics." RCW 42.56.010(3). In response to a PRA request, the agency must determine which public records are responsive to the request and then determine which exemptions apply to those records. *Resident Action Council*, 177 Wn.2d at 437. Additionally, "[i]f the exemption applies to entire records, those records are exempted and need not be disclosed, unless redaction can transform the record into one that is not exempted (and some modicum of information remains)." *Id*.

7

C.      *The PRA and the UHCIA Apply to the Public Inspection and Copying of Health Care*

*Information.*

DOC argues that the UHCIA exclusively governs patient records requests.  We disagree.

The PRA provides, "Chapter 70.02 RCW applies to public inspection and copying of health care information of patients."  RCW 42.56.360(2).  Generally, under RCW 70.02.020(1), a "health care provider may not disclose health care information about a patient."

In *Prison Legal News, Inc. v. Department of Corrections,* a newspaper sought names and other identifying information for providers and patient information related to medical misconduct investigations in Washington prisons under the Public Disclosure Act, former chapter 42.17 RCW—the predecessor to the PRA.  154 Wn.2d 628, 632-34, 115 P.3d 316 (2005).  DOC produced responsive records but "redacted all references to medical information concerning inmates, including names, treatments, medical conditions, etc." under RCW 70.02.020.  *Id*. at 644.  Our Supreme Court held that DOC violated the Public Disclosure Act by using a blanket approach to redact all health care information.  *Id*. at 645.  The court "require[d] the agency [to] demonstrate that each patient's health care information is 'readily associated' *with that patient* in order to withhold the health care information under RCW 70.02.010(6)."  *Id*.

By requiring DOC to produce records that contained health care information under chapter 70.02 RCW if such information was not readily associated with a specific patient, the court applied the Public Disclosure Act to the public inspection and copying of health care information.  We note that the court was applying former RCW 42.17.312 (1991), *repealed by* LAWS OF 2005, ch. 274, § 429, which stated "Chapter 70.02 RCW applies to public inspection

and copying of health care information of patients." That repealed provision is now codified in

RCW 42.56.360(2) of the PRA. Consequently, both the PRA and the UHCIA apply to the public

inspection and copying of health care information.

D.      *Mental Health Services Records*

DOC argues that it did not violate the PRA because the request implicated only mental

health services records, which are exempt from disclosure and redaction under RCW

70.02.230(1). We disagree that DOC did not violate the PRA as it failed to sufficiently identify

the responsive records at the time it responded to Wallin's request. But we agree more generally

that Wallin's request sought only mental health services records, which are exempt from

disclosure and redaction under RCW 70.02.230(1).

RCW 70.02.230(1) states,

> The fact of admission to a provider for mental health services and *all information and records compiled, obtained, or maintained in the course of providing mental health services* to either voluntary or involuntary recipients of services at public or private agencies may not be disclosed except as provided in this section.

(Emphasis added.) That language is broad. The term "information and records related to mental

health services" is defined as "a type of health care information that relates to all information and

records compiled, obtained, or maintained in the course of providing services by a mental health

service agency or mental health professional to persons who are receiving or have received

services for mental illness." RCW 70.02.010(23).

RCW 70.02.230(1) provides protection from disclosure and applies broadly to "records

compiled, obtained, or maintained in the course of providing mental health services," not just

9

information. Thus, we hold that if RCW 70.02.230(1) applies to a given record, that record is exempt from production and redaction under the PRA without qualification.

Wallin requested all SOTAP "records for persons who participated in [SOTAP], as well as the [SOTAP] Aftercare Program, at the Washington Corrections Center for Women." CP at 39. Wallin went on to enumerate examples of patient records he sought, like forms, evaluations, and treatment provider notes. The plain language of the request shows that Wallin sought only mental health services records related to SOTAP patients protected under RCW 70.02.230(1). Moreover, the declarations DOC submitted to the trial court clearly establish that the responsive records were 96 patient records for female participants in SOTAP, and that those record constitute mental health services records under RCW 70.02.230(1), not merely records containing health care information.[2]

Wallin asserts that our Supreme Court's decision in *Prison Legal News*,[3] discussed above, mandates redaction and disclosure of the requested records. *Prison Legal News* appears to require the disclosure of records containing health care information under the PRA if redaction could prevent the disclosure of the patient identity and the redacted record could not be readily

---

[2] The trial court found that Wallin's request was not solely for "patient files," and DOC argues this finding is not supported by substantial evidence. CP at 373-74. It is unclear what the trial court meant by "patient files." So, we decline to review that finding for substantial evidence. But to the extent the trial court found that the requested records were not solely mental health services records, we disagree. The declarations submitted to the trial court establish that the request sought the SOTAP records of 96 women, and all of those records were compiled, obtained, or maintained in the course of providing mental health services. Wallin has not provided any evidence to the contrary.

[3] 154 Wn.2d 628.

associated with the patient. 154 Wn.2d at 645. But *Prison Legal News* is not controlling here because the requested records in that case contained health care information protected under RCW 70.02.020. *Id*. In contrast, Wallin's request implicates solely mental health services records, which receive broader protection under RCW 70.02.230(1).

Accordingly, the trial court erred in requiring DOC to produce the requested records with redactions as the requested records are medical health services records exempt from disclosure and redaction under RCW 70.02.230(1).[4]

That said, we affirm the trial court's conclusion that DOC violated the PRA because in response to Wallin's request for SOTAP patient records, DOC merely declined to provide the records reasoning they were exempt from disclosure for a variety of reasons. DOC did not identify the number or specific type of records that were being withheld in that letter or in a separate log, specifically, 96 SOTAP patient mental health service records. Thus, we hold that DOC violated the PRA by not adequately identifying the records it possessed and withheld. But DOC has no obligation under the PRA to log every single document that DOC compiled, obtained, or maintained in the course of providing mental health services due to the broad protection for mental health services records under RCW 70.02.230(1).

We remand for the trial court to vacate its order requiring DOC to produce the requested records with redactions. Because DOC adequately identified the records it possessed and

---

[4] Because we hold that the requested records are exempt entirely under the mental health services exemption, we decline to reach DOC's argument that the requested records are more generally not subject to redaction due to their intimate nature.

withheld later in the litigation though its declarations, DOC need not further identify the responsive records on remand.

E.      *Waiver of Patient Confidentiality*

Wallin argues that SOTAP patients agreed certain records relating to their treatment would not be confidential by citing forms that were not part of the record below to undermine one of DOC's policy arguments. DOC argues that we should not consider such evidence because it was not considered by the trial court. We decline to reach this issue.

Wallin references the supplemental evidence to show that patients waive a certain amount of confidentiality by entering SOTAP and, therefore, "[t]hat fact negates DOC's unwarranted contention that 'the patients' unavoidable fear of disclosure and identification could impair the efficacy of the Department's SOTAP program.'" Br. of Resp't at 34-35 (quoting Br. of Appellant at 34). As addressed above, the issue on appeal is whether DOC adequately identified the responsive records and showed that it properly withheld those records under RCW 70.02.230(1). The efficacy of SOTAP and the patients' potential embarrassment from disclosure is not relevant to that issue. Accordingly, we decline to reach this issue.

## II. REDUCTION OF COSTS

Wallin argues that the trial court erred by reducing his award of costs absent evidence of fraud, inflation, or other malfeasance. Wallin also argues that the trial court erred by allowing DOC to pay the cost award to its trust account for him. We disagree with both contentions.

We review the trial court's determination as to the amount of PRA costs awarded for an abuse of discretion. *Francis v. Dep't of Corr.*, 178 Wn. App. 42, 67, 313 P.3d 457 (2013). The

trial court abuses its discretion when its "'decision is manifestly unreasonable or based on untenable grounds or reasons.'" *Id*. at 65 (quoting *Yousoufian v. Office of Ron Sims*, 168 Wn.2d 444, 458, 229 P.3d 735 (2010)). A trial court decides based on untenable reasons if it uses the wrong standard or misapplies the correct standard. *Id*.

Under the PRA,

> Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action.

RCW 42.56.550(4). Although the PRA does not define "all costs," courts have interpreted the language to mean "'reasonable expenses [the prevailing party] incurred in gaining access to the requested records.'" *Mitchell v. Wash. State Inst. of Pub. Pol'y*, 153 Wn. App. 803, 829, 225 P.3d 280 (2009) (quoting *Am. Civ. Liberties Union of Wash. v. Blaine Sch. Dist. No. 503*, 95 Wn. App. 106, 117, 975 P.2d 536 (1999)). To that end, "[a]ny award of fees and costs relates only to that which is disclosed and not to any portion of the request found to be exempt." *Dep't of Transp. v. Mendoza de Sugiyama*, 182 Wn. App. 588, 605, 330 P.3d 209 (2014).

In *State v. Sanders*, our Supreme Court ruled that where the requestor prevailed only on one secondary issue but did not prevail on the other two secondary issues, the trial court was within its discretion in awarding 37.5 percent of the requested costs and fees. 169 Wn.2d 827, 868, 240 P.3d 120 (2010). Of note, in *Mitchell*, we held that the trial court did not abuse its discretion by reducing the requestor's award of costs to those costs it could determine were reasonable as the requestor engaged in misconduct to inflate their cost request. 153 Wn. App. at 830.

13

Wallin requested $443.39 in costs.[5] The trial court granted half of Wallin's request as he succeeded on only one subpart of his four part request. Relying on *Mitchell*, Wallin argues that the court had no authority to reduce his award absent evidence of inflation, fraud, or other malfeasance. But Wallin overstates the holding of *Mitchell*. We did not hold that a trial court may only reduce an award of costs due to inflation, fraud, or other malfeasance.

Because Wallin prevailed only on a fraction of his claims, the trial court had tenable grounds for reducing his costs. Wallin emphasizes that he should not be penalized because he brought multiple claims. But Wallin is not being penalized for not receiving costs for PRA requests that he did not prevail on. Consequently, we hold that the trial court did not abuse its discretion in setting the amount of Wallin's cost award.

Wallin also argues that the trial court erred in ordering that the costs be paid into his prison trust account rather than his "attorney-in-fact." Arguments should be supported by citations to legal authority. RAP 10.3(a)(6). Wallin merely cites a myriad of statutes that do not require the costs to be paid into a trust account. But Wallin does not provide authority to support his contention that the trial court *must pay* PRA costs to his "attorney-in-fact." And thus, we need not reach this issue. But even so, it lacks merit.

In *Mitchell*, the requestor, an inmate, was awarded costs for DOC's violation of the PRA. 153 Wn. App. at 810. The requestor attempted to assign the judgment to his corporation to protect the proceeds from DOC's reach, but the trial court did not honor the assignment. *Id*. We held that the trial court properly restricted the attempt to circumvent chapter 72.11 RCW, which

---

[5] Wallin did not segregate his costs between his PRA requests.

14

subjects an inmate's receipt of awards from a legal action to DOC deductions. *Id*. at 832. Thus, *Mitchell* does not support Wallin's argument. We conclude that the trial court did not err by ordering the costs to be paid to Wallin's trust account.

### III. BAD FAITH

Wallin argues that the trial court erred by ruling that DOC did not act in bad faith and by denying additional discovery on that matter. We disagree.

A. *Bad Faith Determination*

Wallin argues that DOC withheld the records he requested in bad faith based on its indefensible reading of the law. We disagree.

"Whether an agency acted in bad faith under the PRA presents a mixed question of law and fact, in that it requires the application of legal precepts (the definition of 'bad faith') to factual circumstances (the details of the PRA violation)." *Francis*, 178 Wn. App. at 51-52. When the facts are uncontested, we review whether an agency acted in bad faith under the PRA de novo. *Faulkner v. Dep't of Corr.*, 183 Wn. App. 93, 102, 332 P.3d 1136 (2014). "'[B]ad faith' for purposes of imposing penalties under RCW 42.56.565(1) includes an agency's failure to engage in any serious independent analysis of the exempt status of documents it withholds." *Adams v. Dep't of Corr.*, 189 Wn. App. 925, 929, 361 P.3d 749 (2015). To that end, an inmate must show that DOC engaged in a wanton or willful act or omission to warrant a finding of bad faith. *Id*. at 938-39.

Here, DOC did not act in bad faith. First, DOC did conduct an analysis of the requested records. DOC submitted the declarations of Cathi Harris and Denise Vaughan—the director of

SOTAP and the information governance director for DOC, respectively—wherein they opined on the nature of the information contained within the requested records. DOC also produced its policy describing what kind of records are created during the SOTAP program. Based on the aforementioned information, DOC determined that all of the information that Wallin requested was exempt from disclosure under the UHCIA.

Second, DOC had legally defensible grounds for declining to disclose the requested records. DOC asserted that all of the requested records were mental health services records exempt from disclosure and redaction under RCW 70.02.230(1). We agree.

We hold that DOC did not act in bad faith by withholding the records at issue and, thus, Wallin is not entitled to penalties.

B.      *Additional Discovery on Bad Faith*

Wallin argues that the trial court erred by not allowing him to engage in discovery regarding DOC's bad faith. Relatedly, Wallin argues based on *Yousoufian*[6] that the trial court needed to allow additional discovery to engage in the required analysis of certain mitigating and aggravating factors. We disagree.

We review the trial court's decision to limit discovery and deny a motion for a continuance for an abuse of discretion. *Wood v. Milionis Constr., Inc.*, 198 Wn.2d 105, 133, 492 P.3d 813 (2021). If the party requesting to reopen discovery had an opportunity to participate in

---

[6] 168 Wn.2d at 467-68. In *Yousoufian*, the Supreme Court identified factors for trial courts to consider when determining the amount of PRA penalties. *Id*. at 466-67. As such, the factors are not relevant to the initial determination of whether the agency acted in bad faith, which makes the case inapposite here.

the original discovery, this weighs in favor of a determination that the trial court did not abuse its discretion in declining to reopen discovery. *Id*. at 134.

DOC argues, based on *Kozol*,[7] that the trial court did not abuse its discretion by denying Wallin's motion to stay to allow for additional discovery because Wallin had adequate time to conduct discovery and he failed to articulate what evidence he desired. In *Kozol*, Division Three noted that a trial court does not abuse its discretion in denying a motion to order a continuance for additional discovery under CR 56(f) when the requesting party fails to offer a good reason for the continuance and that "party does not state what evidence is desired." 192 Wn. App. at 6.

Wallin generally opines that additional discovery may show DOC was dishonest, obstinate, or otherwise failed to properly conduct an independent determination of whether the requested records were exempt. But Wallin does not state what specific evidence he desired—rather, he just listed examples of bad faith conduct. Additionally, Wallin received a continuance in this matter and had adequate time to propound additional discovery requests. Under these circumstances, we hold that the trial court did not abuse its discretion by denying Wallin's motion to stay.

## IV. COSTS ON APPEAL

Wallin asks for all costs on appeal as the prevailing party and for such costs to be paid to him through his attorney in fact, not through DOC's trust account for him.

We may award costs on appeal under RAP 18.1(a)-(b) if "applicable law grants to a party the right to recover . . . expenses on review" and the party properly requests it. A party who

---

[7] 192 Wn. App. 1, 366 P.3d 933 (2015).

prevails against an agency in a PRA action is entitled to all costs on appeal. *Sanders*, 169 Wn.2d at 869-70. "A petitioner prevails in a PRA action when the court determines that the agency wrongfully failed to disclose the requested records or otherwise violated the PRA." *White v. Clark County*, 188 Wn. App. 622, 640, 354 P.3d 38 (2015). "Determination of the prevailing party in an appeal of a PRA judgment relates to the question whether the records should have been disclosed on request and whether the requester had a right to receive a response." *Zink v. City of Mesa*, 162 Wn. App. 688, 729, 256 P.3d 384 (2011).

Wallin prevailed in defending the determination that DOC violated the PRA by failing to adequately identify the records it possessed in its initial response letter. But DOC prevailed in all other regards. DOC established that the requested records were ultimately exempt from disclosure and redaction. And more broadly, DOC identified the responsive records through its declarations produced below. Thus, we decline to award Wallin his costs on appeal as he prevailed only on such a minute portion of the appeal, and the appeal led to no further disclosure of records or information about responsive records.

## CONCLUSION

We reverse in part and affirm in part. Additionally, we remand for the trial court to vacate its order requiring DOC to produce the requested records with redactions and we deny Wallin's request for costs on appeal.

No. 55795-9-II
(Consol. No. 56035-6-II)


A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

_Che, J_
Che, J.

We concur:

_Maxa, J._
Maxa, J.

_Glasgow, C.J_
Glasgow, C.J.